HONORABLE MARCIA J. PECHMAN

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MATTHEW ADKISSON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>EPIK HOLDINGS, INC., a Washington Corporation; EPIK INC., a Washington Corporation; MASTERBUCKS LLC, a Wyoming company; ROBERT W. MONSTER, an individual; and BRIAN ROYCE, an individual,<br><br>Defendants. | Case No. 23-cv-495 MJP<br><br>DEFENDANTS EPIK HOLDINGS, INC., EPIK INC., AND MASTERBUCKS LLC's ANSWER TO COMPLAINT |

Defendants Epik Holdings, Inc., Epik Inc., and Masterbucks LLC (collectively referred to herein as "Defendants" or "Epik"), by and through their attorneys, hereby submit their Answer to Plaintiff Matthew Adkisson's ("Adkisson") Complaint and states as follows:

1. With respect to Paragraph 1 of the Complaint, Defendants admit Robert Monster is the founder of Epik. Defendants also admit Brian Royce is Epik Holdings, Inc.'s current Chief Executive Officer. The remainder of the allegations in Paragraph 1 contains nothing but legal conclusions and argument which do not require a response. To the extent a response is required, Defendants deny the allegations in this paragraph.

2. With respect to Paragraph 2 of the Complaint, Defendants admit Matthew Adkisson was a customer who attempted to purchase a domain name. The remainder of the allegations in

EPIK DEFENDANTS' ANSWER TO COMPLAINT
[CAUSE NO. 23-CV-495 MJP] - 1

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

Paragraph 2 contains nothing but legal conclusions and argument which do not require a response. To the extent a response is required, Defendants deny the allegations in this paragraph.

**PARTIES**

3.     Defendants lack knowledge or information sufficient to form a belief as to the truth or lack thereof of the allegations contained in Paragraph 3 of the Complaint and on that basis deny them.

4.     With respect to the first sentence of Paragraph 4, Defendants admit that Epik Holdings and Epik Inc. are both Washington corporations, but deny that their current principal place of business is in Sammamish, Washington.  Defendants admit the allegations in the second sentence of Paragraph 4.

5.     With respect to Paragraph 5, Defendants admit Masterbucks, LLC is a limited liability company organized under Wyoming law.  Defendants admit that Epik Holdings, Inc. is the sole owner of Masterbucks LLC.   Defendants additionally admit Monster is a majority shareholder of Epik Holdings, Inc. Defendants deny the remainder of any allegations set forth in this paragraph.

6.     Defendants admit the allegations in Paragraph 6, and further state that (1) Monster resigned from the CEO position at end of August 2022, (2) Brian Royce became CEO effective September 1, 2022, and (3) Monster and Epik do not share the same address and principal place of business.

7.     Defendants admit the allegations in Paragraph 7.

**JURISDICTION AND VENUE**

8.     Paragraph 8 of the Complaint contains nothing but legal conclusions and argument, which do not require a response.  To the extent a response is required, Defendants deny the allegations in this paragraph.

EPIK DEFENDANTS' ANSWER TO COMPLAINT
[CAUSE NO. 23-CV-495 MJP] - 2

94391563v.1

1   9.      Paragraph 9 of the Complaint contains nothing but legal conclusions and argument,
2   which do not require a response. To the extent a response is required, Defendants deny the
3   allegations in this paragraph.

4   10.     Paragraph 10 of the Complaint contains nothing but legal conclusions and argument,
5   which do not require a response.  To the extent a response is required, Defendants state that none
6   of the Epik companies' current principal place of business is in Washington and for that reason
7   deny that allegation.

8   11.     With respect to Paragraph 11 of the Complaint, Defendants admit that Epik
9   Holdings, Inc. and Epik, Inc. do business in the state of Washington.  The remainder of the
10  allegations in Paragraph 11 contain nothing but legal conclusions and argument, which do not
11  require a response. To the extent a response is required, Defendants deny the allegations in this
12  paragraph.

13  12.     Paragraph 12 of the Complaint contains nothing but legal conclusions and argument,
14  which do not require a response. To the extent a response is required, Defendants deny the
15  allegations in this paragraph.

16  13.     Paragraph 13 of the Complaint contains nothing but legal conclusions and argument,
17  which do not require a response. To the extent a response is required, Defendants deny the
18  allegations in this paragraph.

19  **FACTS AND BACKGROUND**

20  14.     With respect to Paragraph 14 of the Complaint, Defendants admit that Epik offers
21  a variety of web-hosting related services. Defendants admit Monster is a majority owner of Epik
22  Holdings, Inc. Defendants deny the remainder of any allegations set forth in this paragraph.

23  15.     With respect to Paragraph 15 of the Complaint, Defendants admit that Epik offers
24  a variety of web-hosting related services. Defendants deny the remainder of any allegations set
25  forth in this paragraph.

26

EPIK DEFENDANTS' ANSWER TO COMPLAINT
[CAUSE NO. 23-CV-495 MJP] - 3

94391563v.1

16.     With respect to Paragraph 16, Defendants admit that a service Epik has offered is the sale of domain names. Defendants further admit that the owners of domain names can list those names for sale through Epik. The remainder of Paragraph 16 contains nothing but legal conclusions and argument, which do not require a response. To the extent a response is required, Defendants deny the remainder of any allegations set forth in this paragraph.

17.     Paragraph 17 of the Complaint contains nothing but legal conclusions and argument, which do not require a response. To the extent a response is required, Defendants deny the remainder of any allegations set forth in this paragraph.

18.     Paragraph 18 of the Complaint contains nothing but legal conclusions and argument, which do not require a response. To the extent a response is required, Defendants deny the remainder of any allegations set forth in this paragraph.

19.     Paragraph 19 of the Complaint contains nothing but legal conclusions and argument, which do not require a response. To the extent a response is required, Defendants deny the remainder of any allegations set forth in this paragraph.

20.     Defendants deny the allegations set forth in Paragraph 20 of the Complaint.

21.     Paragraph 21 of the Complaint contains legal conclusions and argument, which do not require a response. Defendants deny the remainder of any allegations set forth in this paragraph.

22.     Paragraph 22 of the Complaint contains legal conclusions and argument, which do not require a response. Defendants deny the remainder of any allegations set forth in this paragraph.

23.     Paragraph 23 of the Complaint contains legal conclusions and argument, which do not require a response. Defendants deny the remainder of any allegations set forth in this paragraph.

24.     With respect to Paragraph 24 of the Complaint, Plaintiff appears to be cherry picking negative review of individuals, unconfirmed as customers, in certain public comments. Any reviews left by individuals speak for themselves. Paragraph 24 of the Complaint contains legal conclusions and argument, which do not require a response. Defendants deny the remainder of any allegations set forth in this paragraph.

EPIK DEFENDANTS' ANSWER TO COMPLAINT
[CAUSE NO. 23-CV-495 MJP] - 4

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

94391563v.1

25.     Paragraph 25 of the Complaint contains legal conclusions and argument, which do not require a response. Defendants deny the remainder of any allegations set forth in this paragraph.

26.     Paragraph 26 of the Complaint contains legal conclusions and argument, which do not require a response. Defendants deny the remainder of any allegations set forth in this paragraph.

27.     Paragraph 27 of the Complaint contains nothing but legal conclusions and argument, which do not require a response. To the extent an answer is required, Defendants deny the remainder of any allegations set forth in this paragraph.

28.     Paragraph 28 of the Complaint contains legal conclusions and argument, which do not require a response. Defendants deny the remainder of any allegations set forth in this paragraph

29.     Paragraph 29 of the Complaint contains legal conclusions and argument, which do not require a response. Defendants deny the remainder of any allegations set forth in this paragraph

30.     Paragraph 30 of the Complaint contains legal conclusions and argument, which do not require a response. Defendants deny the remainder of any allegations set forth in this paragraph

31.     Paragraph 31 of the Complaint contains nothing but legal conclusions and argument, which do not require a response. To the extent an answer is required, Defendants deny the remainder of any allegations set forth in this paragraph.

32.     Paragraph 32 of the Complaint contains nothing but legal conclusions and argument, which do not require a response. To the extent an answer is required, Defendants deny the remainder of any allegations set forth in this paragraph.

33.     With respect to Paragraph 33 of the Complaint, Plaintiff appears to be quoting from an article, which article speaks for itself.  Paragraph 33 of the Complaint otherwise contains nothing but legal conclusions and argument, which do not require a response. To the extent an answer is required, Defendants deny the remainder of any allegations set forth in this paragraph.

34.     With respect to Paragraph 34 of the Complaint, Plaintiff appears to be quoting from portions of a podcast, which the contents of which speaks for itself. Defendants deny the remainder of any allegations set forth in this paragraph.

EPIK DEFENDANTS' ANSWER TO COMPLAINT
[CAUSE NO. 23-CV-495 MJP] - 5

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

94391563v.1

35.     Paragraph 35 of the Complaint contains nothing but legal conclusions and argument, which do not require a response. To the extent an answer is required, Defendants deny the remainder of any allegations set forth in this paragraph.

36.     Paragraph 36 of the Complaint contains nothing but legal conclusions and argument, which do not require a response. To the extent an answer is required, Defendants deny the remainder of any allegations set forth in this paragraph.

37.     With respect to Paragraph 37 of the Complaint, Defendants state that Plaintiff appears to be referencing certain snippets of a certain communication Epik sent and otherwise asserts nothing but legal conclusions and argument, which do not require a response. To the extent a response is required, Defendants deny the allegations in this paragraph.

38.     Paragraph 38 of the Complaint contains nothing but legal conclusions and argument, which do not require a response. To the extent an answer is required, Defendants deny the remainder of any allegations set forth in this paragraph.

39.     With respect to Paragraph 39, Defendants admit Adkisson contacted Epik to purchase a domain name. The remainder of Paragraph 39 contains nothing but legal conclusions and argument, which do not require a response. To the extent an answer is required, Defendants deny the remainder of any allegations set forth in this paragraph.

40.     Defendants admit the allegations set forth in Paragraph 40 of the Complaint.

41.     With respect to Paragraph 41 of the Complaint, Defendants state that Plaintiff appears to be referencing a certain communication sent between Plaintiff and Monster, and that such communication speaks for itself. Defendants deny the remainder of any allegations set forth in this paragraph.

42.     With respect to Paragraph 42 of the Complaint, Defendants state that Plaintiff appears to be referencing a certain communication between Plaintiff and Monster, and that such communication speaks for itself. Defendants deny the remainder of any allegations set forth in this paragraph.

EPIK DEFENDANTS' ANSWER TO COMPLAINT
[CAUSE NO. 23-CV-495 MJP] - 6

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

94391563v.1

43.     With respect to Paragraph 43 of the Complaint, Defendants admit Adkisson agreed to pay a sum for the purchase of a domain name through Epik. Defendants further state that Plaintiff appears to be referencing a certain communication sent between Plaintiff and Monster, and that such communication speaks for itself.  Defendants deny the remainder of any allegations set forth in this paragraph.

44.     With respect to Paragraph 44 of the Complaint, Defendants state that Plaintiff appears to be referencing a certain communication between Plaintiff and Monster, and that such communication speaks for itself.  Plaintiff otherwise asserts nothing but legal conclusions and argument in this paragraph, which do not require a response.  To the extent a response is required, Defendants deny the remainder of any allegations set forth in this paragraph.

45.     With respect to Paragraph 45 of the Complaint, Defendants state that Plaintiff appears to be referencing a certain communication between Plaintiff and Monster, and that such communication speaks for itself.  Defendants deny the remainder of any allegations set forth in this paragraph.

46.     Defendants admit that during the time period referenced, Epik offered escrow services that was referred to at times as "Epik Escrow." Defendants state that in the remainder of Paragraph 46, Plaintiff appears to be referencing a certain communication between Plaintiff and Monster, and that such communication speaks for itself.  Defendants deny the remainder of any allegations set forth in this paragraph.

47.     Defendants admit that Epik received a transfer from Adkisson in the amount of $327,000. Defendants state that in the remainder of Paragraph 47, Plaintiff appears to be referencing a certain communication between Plaintiff and Monster, and that such communication speaks for itself.  Defendants deny the remainder of any allegations set forth in this paragraph.

48.     With respect to Paragraph 48 of the Complaint, Defendants state that Plaintiff appears to be referencing certain statements from Epik's website, which statements speak for themselves. Defendants deny the remainder of any allegations set forth in this paragraph.

EPIK DEFENDANTS' ANSWER TO COMPLAINT
[CAUSE NO. 23-CV-495 MJP] - 7

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

49.     Paragraph 49 of the Complaint contains nothing but legal conclusions and argument, which do not require a response. To the extent an answer is required, Defendants deny the remainder of any allegations set forth in this paragraph.

50.     With respect to Paragraph 50, Defendants admit Plaintiff did not receive the domain name he intended to purchase. Defendants deny the remainder of the allegations in this paragraph.

51.     With respect to Paragraph 51 of the Complaint, Defendants state that Plaintiff appears to be referencing certain snippets of a certain communication sent and otherwise asserts nothing but legal conclusions and argument, which do not require a response.  To the extent a response is required, Defendants deny the allegations in this paragraph.

52.     With respect to Paragraph 52, Defendants admit that statements were made to Adkisson related to the delivery of the domain name. The remainder of Paragraph 52 contains nothing but legal conclusions and argument, which do not require a response. To the extent an answer is required, Defendants deny the remainder of any allegations set forth in this paragraph.

53.     With respect to Paragraph 53, Defendants admit that the domain name has not been transferred to Adkisson. Defendants additionally admit that they intended, and still intend, to return Plaintiff's funds that he had paid for the purchase of the domain name. Defendants deny the remainder of any allegations set forth in this paragraph.

54.     With respect to Paragraph 54, Defendants admit that as of December 2, 2022, Adkisson had not been transferred the domain name. Additionally, Defendants admit that as of December 2, 2022, Adkisson had not received a return of the $327,000 transferred to Epik for the purchase of the domain name. Defendants admit on or about December 2, 2022, Epik received a request from Adkisson for the return of funds. Defendants deny the remainder of any allegations set forth in this paragraph.

55.     Paragraph 55 of the Complaint contains nothing but legal conclusions and argument, which do not require a response. To the extent an answer is required, Defendants deny the remainder of any allegations set forth in this paragraph.

EPIK DEFENDANTS' ANSWER TO COMPLAINT
[CAUSE NO. 23-CV-495 MJP] - 8

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

56.     With respect to Paragraph 56, Defendants admit that Royce became the CEO of Epik Holdings in September 2022, and that at some point after Royce became CEO he was informed of Plaintiff's attempt to purchase a domain name and that Plaintiff had previously transferred $327,000 to Epik. The remainder of Paragraph 56 contains nothing but legal conclusions and argument, which do not require a response. To the extent an answer is required, Defendants deny the remainder of any allegations set forth in this paragraph.

57.     With respect to Paragraph 57 of the Complaint, Defendants state that Plaintiff appears to be referencing a certain communication between Plaintiff and Royce, and that such communication speaks for itself.  Defendants deny the remainder of any allegations set forth in this paragraph.

58.     With respect to Paragraph 58 of the Complain, Defendants admit that Adkisson and Epik had communications regarding the domain name and funds transferred to Epik for the purchase of the domain name. Defendants deny the remainder of any allegations set forth in this paragraph.

59.     With respect to Paragraph 59, Defendants admit that on or about December 2, 2022, Epik received a request from Adkisson for the return of funds. Defendants deny the remainder of any allegations set forth in this paragraph.

60.     With respect to Paragraph 60 of the Complaint, Defendants state that Plaintiff appears to be referencing certain communications between Plaintiff and Royce, and that such communications speaks for themselves.  Defendants deny the remainder of any allegations set forth in this paragraph.

61.     Paragraph 61 of the Complaint contains nothing but legal conclusions and argument, which do not require a response. To the extent an answer is required, Defendants deny the allegations set forth in this paragraph.

62.     With respect to Paragraph 62, Defendants admit that they received a letter from Plaintiff's counsel and that the statements in the letter speak for themselves. The remainder of

EPIK DEFENDANTS' ANSWER TO COMPLAINT
[CAUSE NO. 23-CV-495 MJP] - 9

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

94391563v.1

Paragraph 62 contains nothing but legal conclusions and argument, which do not require a response. To the extent an answer is required, Defendants deny the remainder of any allegations set forth in this paragraph.

63.     Defendants admit the allegations set forth in Paragraph 63.

64.     Defendants admit that Epik owes Adkisson a refund of the $327,000 in funds he previously transferred to it, and that Epik, though its counsel, acknowledged this during the referenced call. The remainder of Paragraph 64 contains legal conclusions and argument, which do not require a response. To the extent a response is required, Defendants deny the remainder of the allegations in this paragraph.

65.     With respect to Paragraph 65 of the Complaint, Defendants state that Plaintiff appears to be referencing a certain communications between Plaintiff and Epik, and that such communications speaks for themselves.  Defendants deny the remainder of any allegations set forth in this paragraph.

66.     Defendants admit they sent the letter that is referenced and that the statements in the letter speak for themselves. Defendants deny the remainder of any allegations set forth in this paragraph.

67.     Defendants admit the allegations set forth in Paragraph 67.

68.     With respect to Paragraph 68, Defendants state that Plaintiff appears to be referencing certain communications between Plaintiff and Epik, and that such communications speak for themselves.  Defendants deny the remainder of any allegations set forth in this paragraph.

69.     With respect to Paragraph 69, Defendants state that Plaintiff appears to be referencing a certain communication between Plaintiff and Monster, and that such communication speaks for itself.  Defendants otherwise deny the allegations set forth in this paragraph.

70.     With respect to Paragraph 70, Defendants state that Plaintiff appears to be referencing a certain communication between Plaintiff and Monster, and that such communication speaks for itself.

EPIK DEFENDANTS' ANSWER TO COMPLAINT
[CAUSE NO. 23-CV-495 MJP] - 10

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

94391563v.1

71.      Defendants admit the allegation set forth in Paragraph 71.

**FIRST CAUSE OF ACTION**
***Breach of Contract* (Epik and Monster)**

72.      Defendants incorporate their responses to the allegations in paragraphs 1–71 as if fully set forth herein.

73.      Paragraph 73 of the Complaint contains nothing but legal conclusions and argument, which do not require a response.   To the extent a response is required, Defendants deny the allegations in this paragraph.

74.      Paragraph 74 of the Complaint contains nothing but legal conclusions and argument, which do not require a response.   To the extent a response is required, Defendants deny the allegations in this paragraph.

75.      Paragraph 75 of the Complaint contains nothing but legal conclusions and argument, which do not require a response.   To the extent a response is required, Defendants deny the allegations in this paragraph.

76.      Paragraph 76 of the Complaint contains nothing but legal conclusions and argument, which do not require a response.   To the extent a response is required, Defendants deny the allegations in this paragraph.

77.      Paragraph 77 of the Complaint contains nothing but legal conclusions and argument, which do not require a response.   To the extent a response is required, Defendants deny the allegations in this paragraph.

78.      Paragraph 78 of the Complaint contains nothing but legal conclusions and argument, which do not require a response.   To the extent a response is required, Defendants deny the allegations in this paragraph.

**SECOND CAUSE OF ACTION-**
***Fraudulent Misrepresentation* (All Defendants)**

79.      Defendants incorporate their responses to the allegations in paragraphs 1–78 as if fully set forth herein.

EPIK DEFENDANTS' ANSWER TO COMPLAINT
[CAUSE NO. 23-CV-495 MJP] - 11

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

94391563v.1

80.     Paragraph 80 of the Complaint contains nothing but legal conclusions and argument, which do not require a response.   To the extent a response is required, Defendants deny the allegations in this paragraph.

81.     Paragraph 81 of the Complaint contains nothing but legal conclusions and argument, which do not require a response.   To the extent a response is required, Defendants deny the allegations in this paragraph.

82.     Paragraph 82 of the Complaint contains nothing but legal conclusions and argument, which do not require a response.   To the extent a response is required, Defendants deny the allegations in this paragraph.

83.     Paragraph 83 of the Complaint contains nothing but legal conclusions and argument, which do not require a response.   To the extent a response is required, Defendants deny the allegations in this paragraph.

84.     Paragraph 84 of the Complaint contains nothing but legal conclusions and argument, which do not require a response.   To the extent a response is required, Defendants deny the allegations in this paragraph.

85.     Paragraph 85 of the Complaint contains nothing but legal conclusions and argument, which do not require a response.   To the extent a response is required, Defendants deny the allegations in this paragraph.

86.     Paragraph 86 of the Complaint contains nothing but legal conclusions and argument, which do not require a response.   To the extent a response is required, Defendants deny the allegations in this paragraph.

87.     Paragraph 87 of the Complaint contains nothing but legal conclusions and argument, which do not require a response.   To the extent a response is required, Defendants deny the allegations in this paragraph.

88.     Paragraph 88 of the Complaint contains nothing but legal conclusions and argument, which do not require a response.   To the extent a response is required, Defendants deny the

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

1  allegations in this paragraph.

2  89.    Paragraph 89 of the Complaint contains nothing but legal conclusions and argument,

3  which do not require a response.  To the extent a response is required, Defendants deny the

4  allegations in this paragraph.

5  90.    Paragraph 90 of the Complaint contains nothing but legal conclusions and argument,

6  which do not require a response.  To the extent a response is required, Defendants deny the

7  allegations in this paragraph.

## THIRD CAUSE OF ACTION
### *Breach of Fiduciary Duty* (All Defendants)

8

9  91.    Defendants incorporate their responses to the allegations in paragraphs 1–90 as if

10  fully set forth herein.

11  92.    Paragraph 92 of the Complaint contains nothing but legal conclusions and argument,

12  which do not require a response.  To the extent a response is required, Defendants deny the

13  allegations in this paragraph.

14  93.    Paragraph 93 of the Complaint contains nothing but legal conclusions and

15  argument, which do not require a response.  To the extent a response is required, Defendants

16  deny the allegations in this paragraph.

17  94.    Paragraph 94 of the Complaint contains nothing but legal conclusions and argument,

18  which do not require a response.  To the extent a response is required, Defendants deny the

19  allegations in this paragraph.

20  95.    Paragraph 95 of the Complaint contains nothing but legal conclusions and

21  argument, which do not require a response.  To the extent a response is required, Defendants

22  deny the allegations in this paragraph.

23  96.    Paragraph 96 of the Complaint contains nothing but legal conclusions and

24  argument, which do not require a response.  To the extent a response is required, Defendants

25  deny the allegations in this paragraph.

26

EPIK DEFENDANTS' ANSWER TO COMPLAINT
[CAUSE NO. 23-CV-495 MJP] - 13

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

# FOURTH CAUSE OF ACTION
### *Violation of the Washington Consumer Protections Act, RCW 19.86.020*
### (All Defendants)

97.    Defendants incorporate their responses to the allegations in paragraphs 1–96 as if fully set forth herein.

98.    Paragraph 98 of the Complaint contains nothing but legal conclusions and argument, which do not require a response.  To the extent a response is required, Defendants deny the allegations in this paragraph.

99.    Paragraph 99 of the Complaint contains nothing but legal conclusions and argument, which do not require a response.  To the extent a response is required, Defendants deny the allegations in this paragraph.

100.    Paragraph 100 of the Complaint contains nothing but legal conclusions and argument, which do not require a response.  To the extent a response is required, Defendants deny the allegations in this paragraph.

101.    Paragraph 101 of the Complaint contains nothing but legal conclusions and argument, which do not require a response.  To the extent a response is required, Defendants deny the allegations in this paragraph.

102.    Paragraph 102 of the Complaint contains nothing but legal conclusions and argument, which do not require a response.  To the extent a response is required, Defendants deny the allegations in this paragraph.

103.    Paragraph 103 of the Complaint contains nothing but legal conclusions and argument, which do not require a response.  To the extent a response is required, Defendants deny the allegations in this paragraph.

104.    Paragraph 104 of the Complaint contains nothing but legal conclusions and argument, which do not require a response.  To the extent a response is required, Defendants deny the allegations in this paragraph.

EPIK DEFENDANTS' ANSWER TO COMPLAINT
[CAUSE NO. 23-CV-495 MJP] - 14

94391563v.1

1

2

**FIFTH CAUSE OF ACTION**
*Violations of Racketeer Influenced and Corrupt Organizations Act*, 18 U.S.C. § 1962(c)
**(All Defendants)**

3

4

105.   Defendants incorporate their responses to the allegations in paragraphs 1–104 as if fully set forth herein.

5

6

7

106.   Paragraph 106 of the Complaint contains nothing but legal conclusions and argument, which do not require a response.  To the extent a response is required, Defendants deny the allegations in this paragraph.

8

9

10

107.   Paragraph 107 of the Complaint contains nothing but legal conclusions and argument, which do not require a response.  To the extent a response is required, Defendants deny the allegations in this paragraph.

11

12

13

108.   Paragraph 108 of the Complaint contains nothing but legal conclusions and argument, which do not require a response.  To the extent a response is required, Defendants deny the allegations in this paragraph.

14

15

16

109.   Paragraph 109 of the Complaint contains nothing but legal conclusions and argument, which do not require a response.  To the extent a response is required, Defendants deny the allegations in this paragraph.

17

18

19

110.   Paragraph 110 of the Complaint contains nothing but legal conclusions and argument, which do not require a response.  To the extent a response is required, Defendants deny the allegations in this paragraph.

20

21

22

111.   Paragraph 111 of the Complaint contains nothing but legal conclusions and argument, which do not require a response.  To the extent a response is required, Defendants deny the allegations in this paragraph.

23

24

**SIXTH CAUSE OF ACTION**
*Violations of Racketeer Influenced and Corrupt Organizations Act*, 18 U.S.C. § 1962(d)
**(All Defendants)**

25

26

112.   Defendants incorporate their responses to the allegations in paragraphs 1–111 as if fully set forth herein.Paragraph 113 of the Complaint contains nothing but legal conclusions and

EPIK DEFENDANTS' ANSWER TO COMPLAINT
[CAUSE NO. 23-CV-495 MJP] - 15

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

1   argument, which do not require a response.  To the extent a response is required, Defendants deny

2   the allegations in this paragraph.

3         114.    Paragraph 114 of the Complaint contains nothing but legal conclusions and

4   argument, which do not require a response.  To the extent a response is required, Defendants deny

5   the allegations in this paragraph.

6         115.    Paragraph 115 of the Complaint contains nothing but legal conclusions and

7   argument, which do not require a response.  To the extent a response is required, Defendants deny

8   the allegations in this paragraph.

9         116.    Paragraph 116 of the Complaint contains nothing but legal conclusions and

10   argument, which do not require a response.  To the extent a response is required, Defendants deny

11   the allegations in this paragraph.

12         117.    Paragraph 117 of the Complaint contains nothing but legal conclusions and

13   argument, which do not require a response.  To the extent a response is required, Defendants deny

14   the allegations in this paragraph.

15         118.    Paragraph 118 of the Complaint contains nothing but legal conclusions and

16   argument, which do not require a response.  To the extent a response is required, Defendants deny

17   the allegations in this paragraph.

18
19
                 **SEVENTH CAUSE OF ACTION**
                 *Unjust Enrichment* **(All Defendants)**

20
21
         119.    Defendants incorporate their responses to the allegations in paragraphs 1–118 as if
fully set forth herein.

22
23
24
         120.    Paragraph 120 of the Complaint contains nothing but legal conclusions and
argument, which do not require a response.  To the extent a response is required, Defendants deny
the allegations in this paragraph.

25
26

EPIK DEFENDANTS' ANSWER TO COMPLAINT
[CAUSE NO. 23-CV-495 MJP] - 16

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

94391563v.1

121.     Paragraph 121 of the Complaint contains nothing but legal conclusions and argument, which do not require a response.  To the extent a response is required, Defendants deny the allegations in this paragraph.

**EIGHTH CAUSE OF ACTION**
***Conversion* (All Defendants)**

122.     Defendants incorporate their responses to the allegations in paragraphs 1–121 as if fully set forth herein.

123.     Paragraph 123 of the Complaint contains nothing but legal conclusions and argument, which do not require a response.  To the extent a response is required, Defendants deny the allegations in this paragraph.

124.     Paragraph 124 of the Complaint contains nothing but legal conclusions and argument, which do not require a response.  To the extent a response is required, Defendants deny the allegations in this paragraph.

125.     Paragraph 125 of the Complaint contains nothing but legal conclusions and argument, which do not require a response.  To the extent a response is required, Defendants deny the allegations in this paragraph.

**RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF**

Defendants deny that Plaintiff is entitled to any relief in connection with the claims asserted in the Complaint.

EPIK DEFENDANTS' ANSWER TO COMPLAINT
[CAUSE NO. 23-CV-495 MJP] - 17

94391563v.1

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

1  Respectfully submitted this 24th day of April, 2023.

2                                          SEYFARTH SHAW LLP

3

4                                          By:   _s/ Andrew R. Escobar_
                                                  Andrew R.  Escobar, WSBA No. 42793
5

6                                          By:   _s/ Meryl A. Hulteng_
                                                  Meryl A. Hulteng, WSBA No. 58806
7

8                                                 999 Third Avenue, Suite 4700
                                                  Seattle, WA 98104-4041
                                                  Phone:   (206) 946-4910
9                                                 Email:    aescobar@seyfarth.com
                                                  Email:    mhulteng@seyfarth.com
10
                                           *Counsel for Defendants Epik Holdings, Inc.,*
11                                         *Epik Inc., Masterbucks LLC and Brian Royce*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

EPIK DEFENDANTS' ANSWER TO COMPLAINT
[CAUSE NO. 23-CV-495 MJP] - 18

                                           SEYFARTH SHAW LLP
                                           999 Third Avenue
                                           Suite 4700
                                           Seattle, Washington  98104-4041
                                           (206) 946-4910

94391563v.1

1

**CERTIFICATE OF SERVICE**

2      I hereby declare that on this 24th day of April, 2023, I caused a copy of the ***Defendants***

3 ***Epik Holdings, Inc., Epik Inc., and Masterbucks LLC's Answer to Complaint*** to be electronically

4 filed with the Court using ECF-Filing system which will send notification of such filing to the

5 following:

6      David A. Perez

7      Christian W. Marcelo
      Perkins Coie LLP

8      1201 3rd Avenue, Ste. 4900
      Seattle, WA 98101-3099

9      dperez@perkinscoie.com
      cmarcelo@perkinscoie.com

10

11

12                       *s/ Valerie Macan*
                       Valerie Macan, Assistant

13

14

15

16

17

18

19

20

21

22

23

24

25

26

EPIK DEFENDANTS' ANSWER TO COMPLAINT
[CAUSE NO. 23-CV-495 MJP] - 19

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

94391563v.1