HONORABLE MARCIA J. PECHMAN

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MATTHEW ADKISSON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>EPIK HOLDINGS, INC., a Washington Corporation; EPIK INC., a Washington Corporation; MASTERBUCKS LLC, a Wyoming company; ROBERT W. MONSTER, an individual; and BRIAN ROYCE, an individual,<br><br>Defendants. | No. 23-cv-495 MJP<br><br>DEFENDANT BRIAN ROYCE'S MOTION TO DISMISS<br><br>**NOTE ON MOTION CALENDAR:**<br>**MAY 19, 2023** |

DEFENDANT BRIAN ROYCE'S MOTION TO DISMISS
[CAUSE NO. 23-CV-495 MJP]

94399757v.1

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

Defendant Brian Royce ("Royce") hereby moves to dismiss under FRCP 12(b)(6) all causes of action presented in Plaintiff's Complaint against him. These are the Second, Third, Fourth, Fifth, Sixth, Seventh, and Eighth Causes of Action.

## I.     INTRODUCTION

In grouping Defendants Epik Holdings, LLC, Epik, Inc, Masterbucks LLC, (collectively, "Epik") and Robert Monster ("Monster") together in his Complaint's allegations, Plaintiff obscures his pleading defects and failures against Royce. But when Plaintiff's allegations are scrutinized with respect to each Defendant, it is apparent that Plaintiff's Complaint against Royce has a timing issue: the transaction at issue in this case pre-dates Royce's employment with Epik by nearly four months. For this reason, Royce was not involved in the transaction giving rise to this lawsuit between Epik and Adkisson. The Court should, accordingly, dismiss without prejudice Plaintiff's claims against Royce for a failure to state a claim.

## II.     STATEMENT OF FACTS

Founded in 2009 by Monster, Epik was formed to help customers purchase website domain names in addition to other functions such as website hosting and web development. (Compl. ¶ 15). In May 2022, Adkisson engaged Epik for the purchase of a domain name. (Compl. ¶ 40) At the time Adkisson engaged Epik, Monster held the position of CEO, a position Monster held from its founding through Adkisson's purchase in May 2022. (Compl. ¶ 6).

In his Complaint, Adkisson asserts Monster and Epik misled Adkisson regarding an attempt to purchase a domain name called <nourish.com> (the "Alleged May 2022 Agreement). (Compl. ¶¶ 35; 40–52.) Plaintiff places at the center of this dispute both Epik and Epik's former CEO, Monster, on the basis that these Defendants misled and retained Adkisson's escrow funds that were for the purchase of <nourish.com>: "Monster has been at the heart of this fraud. He has been the controlling party throughout the time Epik effectuated their fraudulent scheme. Monster owned all of the relevant business entities, and personally interacted with many of the consumers that Epik scammed. (Compl. ¶ 35). Four months following this Alleged May 2022 Agreement, on

DEFENDANT BRIAN ROYCE'S MOTION TO DISMISS
[CAUSE NO. 23-CV-495 MJP] - 1

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

94399757v.1

1  September 2, 2022, current CEO Brian Royce replaced Monster in an effort to revamp Epik and
2  address remaining customer issues, including that for Adkisson. (Compl. ¶ 56). Prior to
3  September 2, 2022, Royce had no relationship or interactions with Adkisson. Despite Royce not
4  being at Epik while the Alleged May 2022 Agreement took place, Plaintiff alleged seven causes
5  of action against Royce, which are fraudulent misrepresentation, breach of fiduciary duty,
6  violations of the Washington Consumer Protection Act ("CPA"), violations of the Racketeer
7  Influenced and Corrupt Organizations Act §§ 1962(c) and (d), unjust enrichment, and conversion.
8  (Compl. ¶¶ 79–125).

### III.   GOVERNING STANDARD

Under FRCP 12(b)(6), a complaint must be dismissed when it does not plead sufficient facts to state a claim for relief that is "plausible on its face." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plaintiff's Complaint and its allegations must be scrutinized by this Court, which reviews and "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. at 996. Conclusory allegations and unwarranted inferences are insufficient to defeat a motion to dismiss. *Warren v. Fox Family Worldwide, Inc*., 328 F.3d 1136, 1139 (9th Cir. 2003).

Even if a plaintiff is able to meet the FRCP 8's pleading standard established by *Twombly* and *Iqbal*, fraud-based claims, like those asserted by Plaintiff, must also comply with FRCP 9(b), which provides that "a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). General or conclusory allegations of fraud are insufficient to defeat a motion to dismiss. *See Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989). Rather, FRCP 9(b) "requires a pleader of fraud to detail with particularity the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme." *Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991). "Federal Rule of Civil Procedure 9(b) requires more specificity including an account of the 'time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.'" *Swartz v.*

DEFENDANT BRIAN ROYCE'S MOTION TO DISMISS
[CAUSE NO. 23-CV-495 MJP] - 2

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

94399757v.1

*KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007); *see also*, *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (a complaint for fraud must set forth the "who, what, when, where and how" of the alleged fraud.)  As set forth below, Plaintiff's Second, Fifth, and Sixth claims also fail to clear the hurdle of FRCP 9(b)'s pleading standards to the extent they are not already deemed deficient for lack of plausibility under FRCP 8.

## IV.   ARGUMENT

**A**.   **Plaintiff's Fraudulent Misrepresentation Claim Against Royce Is Deficient (Second Cause of Action)**

Plaintiff does not—and cannot—plausibly assert a claim of fraudulent misrepresentation against Royce as he was not employed at the time of the Alleged May 2022 Agreement nor had any degree of involvement in the Alleged May 2022 Agreement given that he was hired <u>four months</u> after this alleged agreement. To sufficiently allege a fraudulent misrepresentation claim, Plaintiff must plead under FRCP 9(b) that Royce (1) made a representation of an existing fact; (2) the factual representation was material; (3) this representation was false; (4) Royce knew it was false; (5) Royce intended Plaintiff to act on the false representation; (6) Plaintiff was ignorant of the falsity; (7) Plaintiff relied on the false representation; (8) Plaintiff had a right to rely on this representation; and (9) Plaintiff suffered damages due to his reliance on the false representation. *Westby v. Gorsuch*, 112 Wn. App. 558, 570, 50 P.3d 284, 291 (2002).

Tellingly, none of these independently required specific allegations were even made against Royce in connection with the Alleged May 2022 Agreement. First, Plaintiff acknowledges that Royce became CEO of Epik in September 2022, four months after the Alleged May 2022 Agreement. (Compl. ¶ 7). Second, the entirety of the Alleged May 2022 Agreement, as pleaded by Plaintiff, involved dealings and representations made by Monster, not Royce, to Plaintiff; indeed, Plaintiff's own allegations state that it was Monster, not Royce, who negotiated with Plaintiff regarding the domain purchase of nourish.com and represented Epik's escrow service as "#1." (Compl. ¶¶ 40–44). Plaintiff allegedly then relied on Monster's statement to transfer

DEFENDANT BRIAN ROYCE'S MOTION TO DISMISS
[CAUSE NO. 23-CV-495 MJP] - 3

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

94399757v.1

$327,000 to Epik for the purchase of that domain name. (*Id*.). Thus it was Monster, not Royce, with respect to Plaintiff's fraudulent misrepresentation claim that provided these statements and sureties to Plaintiff in order to induce Plaintiff, and which Plaintiff relied on, to transfer $327,000 to Epik. Third, Plaintiff's allegation, and only reference to Royce in connection with the Alleged May 2022 Agreement, is that Royce in November 2022 allegedly stated that Epik would "return the funds," and that Royce "knew" this representation to be false. (Compl. ¶ 53). Notwithstanding that conclusory statements of fact that Royce allegedly "knew" his promise to return funds would be false should be not credited under FRCP 12(b)(6), these alleged statements that were made well after the Alleged May 2022 Agreement could not have plausibly induced Plaintiff to transfer $327,000 to Epik. Beyond this single generic and conclusory allegation against Royce, Plaintiff fails in addition, with particularity, plead the "who, what, when, where, and how" of the alleged fraudulent misrepresentation by Royce that *induced* Plaintiff to send the monies to Epik four months before Royce joined Epik. *Vess* 1317 F.3d at 1106. As Plaintiff has failed to plausibly and with particularity plead their fraudulent misrepresentation claim against Royce, their claim must be dismissed.

B.  **Plaintiff Fails To Specifically Allege Any Fiduciary Duties or Breaches Royce Had And Made, Respectively, To Plaintiff (Third Cause of Action)**

Plaintiff's allegation of a breach of fiduciary duty by Royce to Plaintiff fails to meet the standard of plausibility because Royce is not even *pleaded* as an alleged, liable party in this breach of fiduciary duty claim. Here, Plaintiff merely alleges that Epik "promis[ed] to provide escrow services" and to "act as an escrow agent." (Compl. ¶ 93). Moreover, Plaintiff alleges that Epik "had a duty to properly perform its escrow services" to Plaintiff but failed to do so allegedly because Epik never placed Plaintiff's funds in an escrow account. (Compl. at ¶¶ 94–95). None of these allegations relate to or reference Royce and thus cannot meet the standard of plausibility. Indeed, the focus of Plaintiff's breach of fiduciary duty claim is <u>Epik's</u> alleged misrepresentations to Plaintiff regarding Epik's capabilities as an escrow agent, not Royce's capabilities. Plaintiff's

DEFENDANT BRIAN ROYCE'S MOTION TO DISMISS
[CAUSE NO. 23-CV-495 MJP] - 4

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

94399757v.1

pleading fail to constitute even a "barebone" pleading of the elements—rather, Plaintiff's cause of action constitutes speculation as to any alleged breach by Royce of fiduciary duties (which, here, would not have existed in May 2022 because he was not employed by Epik). Notably, Royce is not mentioned in the pleadings in connection with Plaintiff's breach of fiduciary duty claim at all, let alone plausibly so. *Bell Atl. Corp*. 550 U.S. at 5 ("Factual allegations must be enough to raise a right to relief above the speculative level."). Moreover, Plaintiff also has failed to plead any facts demonstrating that Royce agreed, in his personal capacity, to undertake a personal fiduciary duty with respect to Plaintiff. Plaintiff's breach of fiduciary duty claim does not meet the standard of plausibility under FRCP 12(b)(6) and must be dismissed.

### C. Plaintiff Fails To Plausibly Allege A False or Deceptive Act Committed By Royce Or Causation In Connection With His CPA Claim (Fourth Cause of Action)

Plaintiff's blanket allegations overlook that none of their claims that "[a]ll Defendants" falsely represented to offer licensed escrow services and to return Plaintiff's escrow funds relate, even indirectly, to Royce. To sufficiently allege an action under the CPA, Plaintiff must plead (1) an unfair or deceptive practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business property; and (5) causation. *Stephens v. Omni Ins. Co*., 138 Wn. App. 151, 166, 159 P.3d 10, 18 (2007). First, none of Plaintiff's allegations in their CPA action reference Royce. Second, Plaintiff could not plausibly allege Royce to have committed a unfair or deceptive act in commerce against Plaintiff because Royce, as stated, was not employed or present during Epik's representations to Plaintiff about their escrow services in May 2022, which was four months before Royce's entrance into Epik. Third, Plaintiff's omissions in its Complaint are revelatory: Plaintiff cannot and does not plead a single specific unfair or deceptive act that Royce made toward Plaintiff about Epik's broker services and capabilities other than a conclusory allegation that Royce "promised" Plaintiff's funds would be returned just two months after he started his new position as CEO of Epik. (Compl. ¶ 53). There are no facts pleaded with respect to when Royce made such statements to Plaintiff, nor how it was communicated (whether

DEFENDANT BRIAN ROYCE'S MOTION TO DISMISS
[CAUSE NO. 23-CV-495 MJP] - 5

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

94399757v.1

in his official or personal capacity).  In addition, Plaintiff cannot plausibly establish the causation of any harms to Plaintiff considering (1) Plaintiff has not pleaded facts connecting Royce to an unfair or deceptive commercial practice; and (2) Royce was not employed during the time of the Alleged May 2022 Agreement. Due to Plaintiff's failure to plausibly establish any of the elements of a CPA claim, this claim must be dismissed.

### D. Plaintiff's Claims of Wire Fraud Under RICO Act Fail For Lack of Particularity (Fifth and Sixth Causes of Action)

Plaintiff's RICO claims, which rely on a theory of a "scheme" to commit "wire fraud" of Plaintiff's transferred funds, are nonsensical. First, Royce was not employed or had any involvement at the time of Epik's alleged decision to comingle and misappropriate escrow funds, and no attempts are made in Plaintiff's Complaint to address this obvious temporal disconnect. (Compl. ¶ 108). Second, the alleged wire fraud must fail for a lack of particularity under FRCP 9(b). *Rosen v. Duel*, 221CV08935FWSRAO, 2022 WL 18231777, at *5 (C.D. Cal. Nov. 23, 2022) ("[A] RICO claim predicated on mail or wire fraud is subject to Rule 9(b)'s heightened pleading standard."). Plaintiff's reasoning rings hollow: he alleges, without any factual detail, that Royce "devised a scheme or artifice to defraud by means of wire communication" because he "comingled" and "misappropriated" Plaintiff's funds without any plausible factual grounding, explanation, or support. (Compl. ¶¶ 108; and 115). Here, Plaintiff's support for its RICO claim against Royce rely on conclusory assertions that "Royce continued the practice of moving money around from new customers' funds" and false promises to return Plaintiff's escrow funds on the basis he knew the promise to be false. (Compl. ¶¶ 36, 53). However, Plaintiff's Complaint fails to detail Royce's mindset, intentions, roles, and responsibility in creating an alleged "scheme" for Epik to comingle and misappropriate Plaintiff's escrow funds. *Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1400 (9th Cir. 1986) ("The requirement of specific intent under these statutes is satisfied by 'the existence of a scheme which was 'reasonably calculated to deceive persons of ordinary prudence and comprehension,' and this intention is shown by examining the scheme

DEFENDANT BRIAN ROYCE'S MOTION TO DISMISS
[CAUSE NO. 23-CV-495 MJP] - 6

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

94399757v.1

itself.'.") Indeed, Plaintiff's Complaint is, instead, bolstered by speculative and broad accusatory statements against Royce. For example, Plaintiff's Complaint alleges that Royce "tried to hide this illegal conduct [of wire fraud] with yet more illegal conduct." (Compl. ¶ 27). But there is, critically, no "what, when, where, and how" with respect to Plaintiff's claims of wire fraud. There is only, tellingly, *the who*—this "who," of course, is Plaintiff's haphazard attempt to plead RICO claims against all together without *any* genuine attempt to differentiate and specify the "who, what, when, where, and how" of their RICO claims against each defendant, including Royce. Put simply, Plaintiff's RICO claim is not pleaded sufficiently, plausibly, nor with particularity. Under either standard of FRCP 12(b)(6) or 9(b), Plaintiff's RICO claims against Royce must fail.

### E. Plaintiff's Claims Of Unjust Enrichment and Conversion Fail to Establish an Improperly Retained Benefit And Misuse of Plaintiff's Property (Seventh And Eighth Causes of Action)

First, Plaintiff's claim of unjust enrichment must fail because he has not pleaded that Royce obtained a personal benefit at Plaintiff's expense. An unjust enrichment claim requires the Plaintiff to establish that (1) Royce received a benefit; (2) Royce received it at Plaintiff's expense; and (3) it would be unjust for Royce to retain this benefit. *Austin v. Ettl*, 171 Wn. App. 82, 102, 286 P.3d 85, 96 (2012). Plaintiff's Complaint does not plead what exact benefit Royce, specifically, received at Plaintiff's expense and why it would be unjust for Royce to retain this undefined benefit. These pleadings do not meet the standard of plausibility. Merely pleading the elements of an unjust enrichment claim is insufficient. *Bell Atl. Corp.* at 555, 127 S. Ct. 1955, 1964–65, 167 L. Ed. 2d 929 (2007) ([A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."). By failing to identify an unjust benefit that Royce received, Plaintiff's claim must fail against him.

Second, Plaintiff conversion claim must likewise fail because he has not identified what specific property Royce has converted for himself. To establish a claim for conversion, Plaintiff must show (1) a willful interference with chattel belonging to Plaintiff; (2) Royce unlawfully

DEFENDANT BRIAN ROYCE'S MOTION TO DISMISS
[CAUSE NO. 23-CV-495 MJP] - 7

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

94399757v.1

retaining this property; and (3) depriving Plaintiff ownership of this possession. *Burton v. City of Spokane*, 16 Wn. App. 2d 769, 773, 482 P.3d 968, 970 (2021). None of Plaintiff's allegations identify what role Royce had in taking Plaintiff's escrow funds. This is further rendered implausible because Royce was not employed by Epik when it received Plaintiff's escrow funds, nor are there any allegations that Royce has personally retained Plaintiff's escrow funds. For this reason, Plaintiff's conversion claims is deficient.

Both claims of conversion and unjust enrichment do not meet the standard of plausibility and must be denied.

## V. CONCLUSION

For the foregoing reasons, Royce respectfully requests that the Court dismiss without prejudice Plaintiff's Second, Third, Fourth, Fifth, Sixth, Seventh, and Eighth Causes of Action to the extent they are asserted against him.

I certify that this memorandum contains 2,689 words, in compliance with the Local Civil Rules.

Respectfully submitted this 24th day of April, 2023.

SEYFARTH SHAW LLP

By: *s/ Andrew R. Escobar*
Andrew R. Escobar, WSBA No. 42793

By: *s/ Meryl A. Hulteng*
Meryl A. Hulteng, WSBA No. 58806

999 Third Avenue, Suite 4700
Seattle, WA 98104-4041
Phone: (206) 946-4910
Email: aescobar@seyfarth.com
Email: mhulteng@seyfarth.com

*Counsel for Defendants Epik Holdings, Inc., Epik Inc., Masterbucks LLC and Brian Royce*

DEFENDANT BRIAN ROYCE'S MOTION TO DISMISS
[CAUSE NO. 23-CV-495 MJP] - 8

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

94399757v.1

**CERTIFICATE OF SERVICE**

I hereby declare that on this 24th day of April, 2023, I caused a copy of the ***Defendant Brian Royce's Motion to Dismiss*** to be electronically filed with the Court using ECF-Filing system which will send notification of such filing to the following:

David A. Perez
Christian W. Marcelo
Perkins Coie LLP
1201 3rd Avenue, Ste. 4900
Seattle, WA 98101-3099
dperez@perkinscoie.com
cmarcelo@perkinscoie.com

*s/ Valerie Macan*
Valerie Macan, Assistant

DEFENDANT BRIAN ROYCE'S MOTION TO DISMISS
[CAUSE NO. 23-CV-495 MJP] - 9

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

94399757v.1