s                                                    HONORABLE MARCIA J. PECHMAN

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MATTHEW ADKISSON, an individual,<br><br>            Plaintiff,<br><br>    v.<br><br>EPIK HOLDINGS, INC., a Washington Corporation; EPIK INC., a Washington Corporation; MASTERBUCKS LLC, a Wyoming company; ROBERT W. MONSTER, an individual; and BRIAN ROYCE, an individual,<br><br>            Epik and Royce. | Case No. 23-cv-495 MJP<br><br>EPIK AND ROYCE'S ANSWER TO FIRST AMENDED COMPLAINT |

Epik and Royce Epik Holdings, Inc., Epik Inc., and Masterbucks LLC (collectively referred to herein as "Epik"), together with Brian Royce ("Royce") by and through their attorneys, hereby submit their Answer to Plaintiff Matthew Adkisson's ("Adkisson") Amended Complaint and states as follows:

1.      With respect to Paragraph 1 of the Amended Complaint, Epik and Royce admit Robert Monster is the founder of Epik. Epik and Royce also admit Brian Royce is Epik Holdings, Inc.'s current Chief Executive Officer. The remainder of the allegations in Paragraph 1 contains nothing but legal conclusions and argument which do not require a response. To the extent a response is required, Epik and Royce deny the allegations in this paragraph.

EPIK AND ROYCE'S ANSWER TO FIRST AMENDED COMPLAINT
[CAUSE NO. 23-CV-495 MJP] - 1

2.       With respect to Paragraph 2 of the Amended Complaint, Epik and Royce admit Matthew Adkisson was a customer who attempted to purchase a domain name. The remainder of the allegations in Paragraph 2 contains nothing but legal conclusions and argument which do not require a response. To the extent a response is required, Epik and Royce deny the allegations in this paragraph.

3.       Epik and Royce lack knowledge or information sufficient to form a belief as to the truth or lack thereof of the allegations contained in Paragraph 3 of the Amended Complaint and on that basis deny them. The allegations in Paragraph 3 also contain legal conclusions and argument which do not require a response. To the extent a response is required, Epik and Royce deny those allegations in this paragraph.

## PARTIES

4.       Epik and Royce lack knowledge or information sufficient to form a belief as to the truth or lack thereof of the allegations contained in Paragraph 4 of the Amended Complaint and on that basis deny them.

5.       With respect to the first sentence of Paragraph 5, Epik and Royce admit that Epik Holdings and Epik Inc. are both Washington corporations, but deny that Epik's principal place of business is in Sammamish, Washington. Epik and Royce admit the allegations in the second sentence of Paragraph 5.

6.       With respect to Paragraph 6, Epik and Royce admit Masterbucks, LLC is a limited liability company organized under Wyoming law.  Epik and Royce admit that Epik Holdings, Inc. is the sole owner of Masterbucks LLC.   Epik and Royce additionally admit Monster is a majority shareholder of Epik Holdings, Inc. Epik and Royce deny the remainder of any allegations set forth in this paragraph.

7.       Epik and Royce admit the allegations in Paragraph 7, and further state that (1) Monster resigned from the CEO position at end of August 2022, (2) Brian Royce became CEO

EPIK AND ROYCE'S ANSWER TO FIRST AMENDED COMPLAINT
[CAUSE NO. 23-CV-495 MJP] - 2

effective September 1, 2022, and (3) Monster and Epik do not share the same address and principal place of business.

8.      Epik and Royce admit the allegations in Paragraph 8.

<h3 style="text-align:center">JURISDICTION AND VENUE</h3>

9.      Paragraph 9 of the Amended Complaint contains nothing but legal conclusions and argument, which do not require a response.  To the extent a response is required, Epik and Royce deny the allegations in this paragraph.

10.     Paragraph 10 of the Amended Complaint contains nothing but legal conclusions and argument, which do not require a response. To the extent a response is required, Epik and Royce deny the allegations in this paragraph.

11.     Paragraph 11 of the Amended Complaint contains nothing but legal conclusions and argument, which do not require a response.  To the extent a response is required, Epik and Royce state that none of the Epik companies' current principal place of business is in Washington and for that reason deny that allegation.

12.     With respect to Paragraph 12 of the Amended Complaint, Epik and Royce admit that Epik Holdings, Inc. and Epik, Inc. do business in the state of Washington.  The remainder of the allegations in Paragraph 12 contain nothing but legal conclusions and argument, which do not require a response. To the extent a response is required, Epik and Royce deny the allegations in this paragraph.

13.     Paragraph 13 of the Amended Complaint contains nothing but legal conclusions and argument, which do not require a response. To the extent a response is required, Epik and Royce deny the allegations in this paragraph.

14.     Paragraph 14 of the Amended Complaint contains nothing but legal conclusions and argument, which do not require a response. To the extent a response is required, Epik and Royce deny the allegations in this paragraph.

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

**FACTS AND BACKGROUND**

15.     With respect to Paragraph 15 of the Amended Complaint, Epik and Royce admit that Epik offers a variety of web-hosting related services. Epik and Royce admit Monster is a majority owner of Epik Holdings, Inc. Epik and Royce deny the remainder of any allegations set forth in this paragraph.

16.     With respect to Paragraph 16 of the Amended Complaint, Epik and Royce admit that Epik offers a variety of web-hosting related services. Epik and Royce deny the remainder of any allegations set forth in this paragraph.

17.     With respect to Paragraph 17, Epik and Royce admit that a service Epik has offered is the sale of domain names. Epik and Royce further admit that the owners of domain names can list those names for sale through Epik. The remainder of Paragraph 17 contains nothing but legal conclusions and argument, which do not require a response. To the extent a response is required, Epik and Royce deny the remainder of any allegations set forth in this paragraph.

18.     Paragraph 18 of the Amended Complaint contains nothing but legal conclusions and argument, which do not require a response. To the extent a response is required, Epik and Royce deny the remainder of any allegations set forth in this paragraph.

19.     Paragraph 19 of the Amended Complaint contains nothing but legal conclusions and argument, which do not require a response. To the extent a response is required, Epik and Royce deny the remainder of any allegations set forth in this paragraph.

20.     Paragraph 20 of the Amended Complaint contains nothing but legal conclusions and argument, which do not require a response. To the extent a response is required, Epik and Royce deny the remainder of any allegations set forth in this paragraph.

21.     Paragraph 21 of the Amended Complaint contains nothing but legal conclusions and argument, which do not require a response. To the extent a response is required, Epik and Royce deny the remainder of any allegations set forth in this paragraph.

EPIK AND ROYCE'S ANSWER TO FIRST AMENDED COMPLAINT
[CAUSE NO. 23-CV-495 MJP] - 4

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

1      22.    Paragraph 22 of the Amended Complaint contains legal conclusions and argument,

2    which do not require a response. Epik and Royce deny the remainder of any allegations set forth

3    in this paragraph.

4      23.    Paragraph 23 of the Amended Complaint contains legal conclusions and argument,

5    which do not require a response. Epik and Royce deny the remainder of any allegations set forth

6    in this paragraph.

7      24.    With respect to Paragraph 24 of the Amended Complaint, Plaintiff appears to be

8    cherry-picking negative reviews of individuals, unconfirmed as customers, in certain public

9    comments. Any reviews left by such individuals speak for themselves. Paragraph 24 of the

10   Amended Complaint also contains legal conclusions and argument, which do not require a

11   response. Epik and Royce deny the remainder of any allegations set forth in this paragraph.

12     25.    Paragraph 25 of the Amended Complaint contains legal conclusions and argument,

13   which do not require a response. Epik and Royce deny the remainder of any allegations set forth

14   in this paragraph.

15     26.    Paragraph 26 of the Amended Complaint contains legal conclusions and argument,

16   which do not require a response. Epik and Royce deny the remainder of any allegations set forth

17   in this paragraph.

18     27.    Paragraph 27 of the Amended Complaint contains nothing but legal conclusions

19   and argument, which do not require a response. To the extent an answer is required, Epik and

20   Royce deny the remainder of any allegations set forth in this paragraph.

21     28.    Paragraph 28 of the Amended Complaint contains legal conclusions and argument,

22   which do not require a response. Epik and Royce deny the remainder of any allegations set forth

23   in this paragraph.

24     29.    Paragraph 29 of the Amended Complaint contains legal conclusions and argument,

25   which do not require a response. Epik and Royce deny the remainder of any allegations set forth

26   in this paragraph.

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

30.     With respect to Paragraph 30 of the Amended Complaint, Plaintiff appears to be quoting an individual in certain public comments. Any public comment by such individual speaks for itself. Paragraph 30 of the Amended Complaint also contains legal conclusions and argument, which do not require a response. Epik and Royce deny the remainder of any allegations set forth in this paragraph.

31.     With respect to Paragraph 31 of the Amended Complaint, Plaintiff appears to be quoting an individual in certain public comments. Any public comment by such individual speaks for itself. Paragraph 31 of the Amended Complaint also contains legal conclusions and argument, which do not require a response. Epik and Royce deny the remainder of any allegations set forth in this paragraph.

32.     With respect to Paragraph 32 of the Amended Complaint, Plaintiff appears to be quoting an individual in certain public comments. Any public comment by such individual speaks for itself. Paragraph 32 of the Amended Complaint also contains legal conclusions and argument, which do not require a response. Epik and Royce deny the remainder of any allegations set forth in this paragraph.

33.     Paragraph 33 of the Amended Complaint contains nothing but legal conclusions and argument, which do not require a response. To the extent an answer is required, Epik and Royce deny the remainder of any allegations set forth in this paragraph.

34.     With respect to Paragraph 34 of the Amended Complaint, Plaintiff appears to be quoting from an article, which article speaks for itself.  Paragraph 34 of the Amended Complaint otherwise contains nothing but legal conclusions and argument, which do not require a response. To the extent an answer is required, Epik and Royce deny the remainder of any allegations set forth in this paragraph.

35.     Epik and Royce lack knowledge or information sufficient to form a belief as to the truth or lack thereof of the allegations contained in Paragraph 35 of the Amended Complaint with respect to any purported statements by Monster, and on that basis deny them.

EPIK AND ROYCE'S ANSWER TO FIRST AMENDED COMPLAINT
[CAUSE NO. 23-CV-495 MJP] - 6

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

36.     With respect to Paragraph 36 of the Amended Complaint, Plaintiff appears to be quoting from portions of a podcast, which the contents of which speaks for itself. Epik and Royce deny the remainder of any allegations set forth in this paragraph.

37.     Paragraph 37 of the Amended Complaint contains nothing but legal conclusions and argument, which do not require a response. To the extent an answer is required, Epik and Royce deny the remainder of any allegations set forth in this paragraph.

38.     Paragraph 38 of the Amended Complaint contains nothing but legal conclusions and argument, which do not require a response. To the extent an answer is required, Epik and Royce deny the remainder of any allegations set forth in this paragraph.

39.     Paragraph 39 of the Amended Complaint contains nothing but legal conclusions and argument, which do not require a response. To the extent an answer is required, Epik and Royce deny the remainder of any allegations set forth in this paragraph.

40.     Epik and Royce deny the allegations set forth in this paragraph.

41.     Epik and Royce admit that Royce became Epik's CEO on or around September 1, 2022. The remainder of Paragraph 41 of the Amended Complaint contains nothing but legal conclusions and argument, which do not require a response. To the extent an answer is required, Epik and Royce deny the remainder of any allegations set forth in this paragraph.

42.     Epik and Royce admit that Royce became Epik's CEO on or around September 1, 2022. The remainder of Paragraph 42 of the Amended Complaint contains nothing but legal conclusions and argument, which do not require a response. To the extent an answer is required, Epik and Royce deny the remainder of any allegations set forth in this paragraph.

43.     Epik and Royce admit that Royce became Epik's CEO on or around September 1, 2022. The remainder of Paragraph 43 of the Amended Complaint contains nothing but legal conclusions and argument, which do not require a response. To the extent an answer is required, Epik and Royce deny the remainder of any allegations set forth in this paragraph.

EPIK AND ROYCE'S ANSWER TO FIRST AMENDED COMPLAINT
[CAUSE NO. 23-CV-495 MJP] - 7

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

1    44.    With respect to Paragraph 44 of the Amended Complaint, Epik and Royce state that Plaintiff appears to be referencing certain snippets of a certain communication Epik sent and otherwise asserts nothing but legal conclusions and argument, which do not require a response. To the extent a response is required, Epik and Royce deny the allegations in this paragraph.

45.    Epik and Royce admit that at some point Royce became CEO, Masterbucks was shut down. Paragraph 45 of the Amended Complaint otherwise contains but legal conclusions and argument, which do not require a response. To the extent an answer is required, Epik and Royce deny the remainder of any allegations set forth in this paragraph.

46.    Epik and Royce lack knowledge or information sufficient to form a belief as to the truth or lack thereof of the allegations contained in Paragraph 46 of the Amended Complaint with respect to any purported statements by Monster, and on that basis deny them.

47.    With respect to Paragraph 47, Epik and Royce admit Adkisson contacted Epik to purchase a domain name. The remainder of Paragraph 47 contains nothing but legal conclusions and argument, which do not require a response. To the extent an answer is required, Epik and Royce deny the remainder of any allegations set forth in this paragraph.

48.    Epik and Royce admit the allegations set forth in Paragraph 48 of the Amended Complaint.

49.    With respect to Paragraph 49 of the Amended Complaint, Epik and Royce state that Plaintiff appears to be referencing a certain communication sent between Plaintiff and Monster, and that such communication speaks for itself. Epik and Royce deny the remainder of any allegations set forth in this paragraph.

50.    With respect to Paragraph 50 of the Amended Complaint, Epik and Royce state that Plaintiff appears to be referencing a certain communication between Plaintiff and Monster, and that such communication speaks for itself. Epik and Royce deny the remainder of any allegations set forth in this paragraph.

EPIK AND ROYCE'S ANSWER TO FIRST AMENDED COMPLAINT
[CAUSE NO. 23-CV-495 MJP] - 8

1    51.    With respect to Paragraph 51 of the Amended Complaint, Epik and Royce admit

2    Adkisson agreed to pay a sum for the purchase of a domain name through Epik. Epik and Royce

3    further state that Plaintiff appears to be referencing a certain communication sent between Plaintiff

4    and Monster, and that such communication speaks for itself.  Epik and Royce deny the remainder

5    of any allegations set forth in this paragraph.

6    52.    With respect to Paragraph 52 of the Amended Complaint, Epik and Royce state that

7    Plaintiff appears to be referencing a certain communication between Plaintiff and Monster, and

8    that such communication speaks for itself.  Plaintiff otherwise asserts nothing but legal conclusions

9    and argument in this paragraph, which do not require a response.  To the extent a response is

10   required, Epik and Royce deny the remainder of any allegations set forth in this paragraph.

11   53.    With respect to Paragraph 53 of the Amended Complaint, Epik and Royce state that

12   Plaintiff appears to be referencing a certain communication between Plaintiff and Monster, and

13   that such communication speaks for itself.  Epik and Royce deny the remainder of any allegations

14   set forth in this paragraph.

15   54.    Epik and Royce admit that during the time period referenced, Epik offered escrow

16   services that was referred to at times as "Epik Escrow." Epik and Royce state that in the remainder

17   of Paragraph 54, Plaintiff appears to be referencing a certain communication between Plaintiff and

18   Monster, and that such communication speaks for itself.  Epik and Royce deny the remainder of

19   any allegations set forth in this paragraph.

20   55.    Epik and Royce admit that Epik received a transfer from Adkisson in the amount

21   of $327,000. Epik and Royce state that in the remainder of Paragraph 55, Plaintiff appears to be

22   referencing a certain communication between Plaintiff and Monster, and that such communication

23   speaks for itself.  Epik and Royce deny the remainder of any allegations set forth in this paragraph.

24   56.    With respect to Paragraph 56 of the Amended Complaint, Epik and Royce state that

25   Plaintiff appears to be referencing certain statements from Epik's website, which statements speak

26   for themselves. Epik and Royce deny the remainder of any allegations set forth in this paragraph.

EPIK AND ROYCE'S ANSWER TO FIRST AMENDED COMPLAINT
[CAUSE NO. 23-CV-495 MJP] - 9

57.     Paragraph 57 of the Amended Complaint contains nothing but legal conclusions and argument, which do not require a response. To the extent an answer is required, Epik and Royce deny the remainder of any allegations set forth in this paragraph.

58.     With respect to Paragraph 58, Epik and Royce admit Plaintiff did not receive the domain name he intended to purchase. Epik and Royce deny the remainder of the allegations in this paragraph.

59.     With respect to Paragraph 59 of the Amended Complaint, Epik and Royce state that Plaintiff appears to be referencing certain snippets of a certain communication sent and otherwise asserts nothing but legal conclusions and argument, which do not require a response.  To the extent a response is required, Epik and Royce deny the allegations in this paragraph.

60.     With respect to Paragraph 60, Epik and Royce admit that statements were made to Adkisson related to the delivery of the domain name. The remainder of Paragraph 60 contains nothing but legal conclusions and argument, which do not require a response. To the extent an answer is required, Epik and Royce deny the remainder of any allegations set forth in this paragraph.

61.     With respect to Paragraph 61, Epik and Royce admit that Royce became Epik's CEO on September 1, 2022. The remainder of Paragraph 61 of the Amended Complaint contains nothing but legal conclusions and argument, which do not require a response. To the extent an answer is required, Epik and Royce deny the remainder of any allegations set forth in this paragraph.

62.     With respect to Paragraph 62, Epik and Royce admit that the domain name has not been transferred to Adkisson. Epik and Royce additionally admit that they intended, and still intend, to return Plaintiff's funds that he had paid for the purchase of the domain name. Epik and Royce deny the remainder of any allegations set forth in this paragraph.

63.     With respect to Paragraph 63, Epik and Royce admit that as of December 2, 2022, Adkisson had not been transferred the domain name. Additionally, Epik and Royce admit that as

Seyfarth Shaw LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

of December 2, 2022, Adkisson had not received a return of the $327,000 transferred to Epik for the purchase of the domain name. Epik and Royce admit on or about December 2, 2022, Epik received a request from Adkisson for the return of funds. Epik and Royce deny the remainder of any allegations set forth in this paragraph.

64. Paragraph 64 of the Amended Complaint contains nothing but legal conclusions and argument, which do not require a response. To the extent an answer is required, Epik and Royce deny the remainder of any allegations set forth in this paragraph.

65. With respect to Paragraph 65, Epik and Royce admit that Royce became the CEO of Epik Holdings in September 2022, and that at some point after Royce became CEO he was informed of Plaintiff's attempt to purchase a domain name and that Plaintiff had previously transferred $327,000 to Epik. The remainder of Paragraph 65 contains nothing but legal conclusions and argument, which do not require a response. To the extent an answer is required, Epik and Royce deny the remainder of any allegations set forth in this paragraph.

66. With respect to Paragraph 66 of the Amended Complaint, Epik and Royce state that Plaintiff appears to be referencing a certain communication between Plaintiff and Royce, and that such communication speaks for itself. Epik and Royce deny the remainder of any allegations set forth in this paragraph.

67. With respect to Paragraph 67 of the Amended Complaint, Epik and Royce admit that Adkisson and Epik had communications regarding the domain name and funds transferred to Epik for the purchase of the domain name. Epik and Royce deny the remainder of any allegations set forth in this paragraph.

68. With respect to Paragraph 68, Epik and Royce admit that on or about December 2, 2022, Epik received a request from Adkisson for the return of funds. Epik and Royce deny the remainder of any allegations set forth in this paragraph.

69. With respect to Paragraph 69 of the Amended Complaint, Epik and Royce state that Plaintiff appears to be referencing certain communications between Plaintiff and Royce, and that

EPIK AND ROYCE'S ANSWER TO FIRST AMENDED COMPLAINT
[CAUSE NO. 23-CV-495 MJP] - 11

1   such communications speaks for themselves.   Epik and Royce deny the remainder of any

2   allegations set forth in this paragraph.

3          70.     Paragraph 70 of the Amended Complaint contains nothing but legal conclusions

4   and argument, which do not require a response. To the extent an answer is required, Epik and

5   Royce deny the allegations set forth in this paragraph.

6          71.     With respect to Paragraph 71, Epik and Royce admit that they received a letter from

7   Plaintiff's counsel and that the statements in the letter speak for themselves. The remainder of

8   Paragraph 71 contains nothing but legal conclusions and argument, which do not require a response.

9   To the extent an answer is required, Epik and Royce deny the remainder of any allegations set

10  forth in this paragraph.

11         72.     Epik and Royce admit the allegations set forth in Paragraph 72.

12         73.     Epik and Royce admit that Epik owes Adkisson a refund of the $327,000 in funds

13  he previously transferred to it (less the $20,000 subsequently paid to Adkisson), and that Epik,

14  though its counsel, acknowledged this during the referenced call. The remainder of Paragraph 73

15  contains legal conclusions and argument, which do not require a response. To the extent a response

16  is required, Epik and Royce deny the remainder of the allegations in this paragraph.

17         74.     With respect to Paragraph 74 of the Amended Complaint, Epik and Royce state that

18  Plaintiff appears to be referencing a certain communications between Plaintiff and Epik, and that

19  such communications speaks for themselves.   Epik and Royce deny the remainder of any

20  allegations set forth in this paragraph.

21         75.     Epik and Royce admit they sent the letter that is referenced and that the statements

22  in the letter speak for themselves. Epik and Royce deny the remainder of any allegations set forth

23  in this paragraph.

24         76.     Epik and Royce admit the allegations set forth in Paragraph 76.

25         77.     With respect to Paragraph 77, Epik and Royce state that Plaintiff appears to be

26  referencing certain communications between Plaintiff and Epik, and that such communications

EPIK AND ROYCE'S ANSWER TO FIRST AMENDED COMPLAINT
[CAUSE NO. 23-CV-495 MJP] - 12

1 │ speak for themselves.  Epik and Royce deny the remainder of any allegations set forth in this

2 │ paragraph.

3 │       78.    With respect to Paragraph 78, Epik and Royce state that Plaintiff appears to be

4 │ referencing a certain communication between Plaintiff and Monster, and that such communication

5 │ speaks for itself.  Epik and Royce otherwise deny the allegations set forth in this paragraph.

6 │       79.    Paragraph 79 contains nothing but legal conclusions and argument, which do not

7 │ require a response. To the extent an answer is required, Epik and Royce deny the allegations set

8 │ forth in this paragraph.

9 │       80.    With respect to Paragraph 80, Epik and Royce state that Plaintiff appears to be

10 │ referencing a certain communication between Plaintiff and Monster, and that such communication

11 │ speaks for itself.  Epik and Royce otherwise deny the allegations set forth in this paragraph.

12 │       81.    With respect to Paragraph 81, Epik and Royce state that Plaintiff appears to be

13 │ referencing a certain communication between Plaintiff and Monster, and that such communication

14 │ speaks for itself.  Epik and Royce otherwise deny the allegations set forth in this paragraph.

15 │       82.    Epik and Royce admit the allegation set forth in Paragraph 82, but state that Epik

16 │ and Royce continue to work hard to get Adkisson repaid the remainder of the $327,000 already

17 │ not refunded to him.

18 │       83.    Paragraph 83 of the Amended Complaint contains nothing but legal conclusions

19 │ and argument, which do not require a response. To the extent an answer is required, Epik and

20 │ Royce deny the allegations set forth in this paragraph.

21 │       84.    With respect to Paragraph 84, Epik and Royce state that Plaintiff appears to be

22 │ referencing a snippet of a Tweet, and that such communication speaks for itself.  Epik and Royce

23 │ otherwise deny the allegations set forth in this paragraph.

24 │       85.    With respect to Paragraph 85, Epik and Royce state that Plaintiff appears to be

25 │ referencing a certain communication between Plaintiff and Monster, and that such communication

26 │ speaks for itself.  Epik and Royce otherwise deny the allegations set forth in this paragraph.

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

86.     With respect to Paragraph 86, Epik and Royce state that Plaintiff appears to be referencing a certain communication between Plaintiff and Monster, and that such communication speaks for itself.  Epik and Royce otherwise deny the allegations set forth in this paragraph.

87.     Paragraph 87 of the Amended Complaint contains nothing but legal conclusions and argument, which do not require a response. To the extent an answer is required, Epik and Royce deny the allegations set forth in this paragraph.

88.     Paragraph 88 of the Amended Complaint contains nothing but legal conclusions and argument, which do not require a response. To the extent an answer is required, Epik and Royce deny the allegations set forth in this paragraph.

89.     Paragraph 89 of the Amended Complaint contains nothing but legal conclusions and argument, which do not require a response. To the extent an answer is required, Epik and Royce deny the allegations set forth in this paragraph.

## FIRST CAUSE OF ACTION
### *Breach of Contract* (All Defendants)

90.     Epik and Royce incorporate their responses to the allegations in paragraphs 1–89 as if fully set forth herein.

91.     Paragraph 91 of the Amended Complaint contains nothing but legal conclusions and argument, which do not require a response.  To the extent a response is required, Epik and Royce deny the allegations in this paragraph.

92.     Paragraph 92 of the Amended Complaint contains nothing but legal conclusions and argument, which do not require a response.  To the extent a response is required, Epik and Royce deny the allegations in this paragraph.

93.     Paragraph 93 of the Amended Complaint contains nothing but legal conclusions and argument, which do not require a response.  To the extent a response is required, Epik and Royce deny the allegations in this paragraph.

EPIK AND ROYCE'S ANSWER TO FIRST AMENDED COMPLAINT
[CAUSE NO. 23-CV-495 MJP] - 14

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

94.      Paragraph 94 of the Amended Complaint contains nothing but legal conclusions and argument, which do not require a response.  To the extent a response is required, Epik and Royce deny the allegations in this paragraph.

95.      Paragraph 95 of the Amended Complaint contains nothing but legal conclusions and argument, which do not require a response.  To the extent a response is required, Epik and Royce deny the allegations in this paragraph.

96.      Paragraph 96 of the Amended Complaint contains nothing but legal conclusions and argument, which do not require a response.  To the extent a response is required, Epik and Royce deny the allegations in this paragraph.

97.      Paragraph 97 of the Amended Complaint contains nothing but legal conclusions and argument, which do not require a response.  To the extent a response is required, Epik and Royce deny the allegations in this paragraph.

98.      Paragraph 98 of the Amended Complaint contains nothing but legal conclusions and argument, which do not require a response.  To the extent a response is required, Epik and Royce deny the allegations in this paragraph.

## SECOND CAUSE OF ACTION-

### *Fraudulent Misrepresentation* (All Defendants)

99.      Epik and Royce incorporate their responses to the allegations in paragraphs 1–98 as if fully set forth herein.

100.    Paragraph 100 of the Amended Complaint contains nothing but legal conclusions and argument, which do not require a response.  To the extent a response is required, Epik and Royce deny the allegations in this paragraph.

101.    Paragraph 101 of the Amended Complaint contains nothing but legal conclusions and argument, which do not require a response.  To the extent a response is required, Epik and Royce deny the allegations in this paragraph.

EPIK AND ROYCE'S ANSWER TO FIRST AMENDED COMPLAINT
[CAUSE NO. 23-CV-495 MJP] - 15

1     102.    Paragraph 102 of the Amended Complaint contains nothing but legal conclusions

2     and argument, which do not require a response.   To the extent a response is required, Epik and

3     Royce deny the allegations in this paragraph.

4     103.    Paragraph 103 of the Amended Complaint contains nothing but legal conclusions

5     and argument, which do not require a response.   To the extent a response is required, Epik and

6     Royce deny the allegations in this paragraph.

7     104.    Paragraph 104 of the Amended Complaint contains nothing but legal conclusions

8     and argument, which do not require a response.   To the extent a response is required, Epik and

9     Royce deny the allegations in this paragraph.

10    105.    Paragraph 105 of the Amended Complaint contains nothing but legal conclusions

11    and argument, which do not require a response.   To the extent a response is required, Epik and

12    Royce deny the allegations in this paragraph.

13    106.    Paragraph 106 of the Amended Complaint contains nothing but legal conclusions

14    and argument, which do not require a response.   To the extent a response is required, Epik and

15    Royce deny the allegations in this paragraph.

16    107.    Paragraph 107 of the Amended Complaint contains nothing but legal conclusions

17    and argument, which do not require a response.   To the extent a response is required, Epik and

18    Royce deny the allegations in this paragraph.

19    108.    Paragraph 108 of the Amended Complaint contains nothing but legal conclusions

20    and argument, which do not require a response.   To the extent a response is required, Epik and

21    Royce deny the allegations in this paragraph.

22    109.    Paragraph 109 of the Amended Complaint contains nothing but legal conclusions

23    and argument, which do not require a response.   To the extent a response is required, Epik and

24    Royce deny the allegations in this paragraph.

25

26

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

1              **THIRD CAUSE OF ACTION**

2          *Breach of Fiduciary Duty* **(All Defendants)**

3          110.    Epik and Royce incorporate their responses to the allegations in paragraphs 1–109

4    as if fully set forth herein.

5          111.    Paragraph 111 of the Amended Complaint contains nothing but legal conclusions

6    and argument, which do not require a response.  To the extent a response is required, Epik and

7    Royce deny the allegations in this paragraph.

8          112.    Paragraph 112 of the Amended Complaint contains nothing but legal conclusions

9    and argument, which do not require a response.  To the extent a response is required, Epik and

10   Royce deny the allegations in this paragraph.

11         113.    Paragraph 113 of the Amended Complaint contains nothing but legal conclusions

12   and argument, which do not require a response.  To the extent a response is required, Epik and

13   Royce deny the allegations in this paragraph.

14         114.    Paragraph 114 of the Amended Complaint contains nothing but legal conclusions

15   and argument, which do not require a response.  To the extent a response is required, Epik and

16   Royce deny the allegations in this paragraph.

17         115.    Paragraph 115 of the Amended Complaint contains nothing but legal conclusions

18   and argument, which do not require a response.  To the extent a response is required, Epik and

19   Royce deny the allegations in this paragraph.

20         116.    Paragraph 116 of the Amended Complaint contains nothing but legal conclusions

21   and argument, which do not require a response.  To the extent a response is required, Epik and

22   Royce deny the allegations in this paragraph.

23         117.    Paragraph 117 of the Amended Complaint contains nothing but legal conclusions

24   and argument, which do not require a response.  To the extent a response is required, Epik and

25   Royce deny the allegations in this paragraph.

26

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

1

2

3

**FOURTH CAUSE OF ACTION**

***Violation of the Washington Consumer Protections Act, RCW 19.86.020***

**(All Defendants)**

4    118.    Epik and Royce incorporate their responses to the allegations in paragraphs 1–117

5  as if fully set forth herein.

6    119.    Paragraph 119 of the Amended Complaint contains nothing but legal conclusions

7  and argument, which do not require a response.  To the extent a response is required, Epik and

8  Royce deny the allegations in this paragraph.

9    120.    Paragraph 120 of the Amended Complaint contains nothing but legal conclusions

10  and argument, which do not require a response.  To the extent a response is required, Epik and

11  Royce deny the allegations in this paragraph.

12    121.    Paragraph 121 of the Amended Complaint contains nothing but legal conclusions

13  and argument, which do not require a response.  To the extent a response is required, Epik and

14  Royce deny the allegations in this paragraph.

15    122.    Paragraph 122 of the Amended Complaint contains nothing but legal conclusions

16  and argument, which do not require a response.  To the extent a response is required, Epik and

17  Royce deny the allegations in this paragraph.

18    123.    Paragraph 123 of the Amended Complaint contains nothing but legal conclusions

19  and argument, which do not require a response.  To the extent a response is required, Epik and

20  Royce deny the allegations in this paragraph.

21    124.    Paragraph 124 of the Amended Complaint contains nothing but legal conclusions

22  and argument, which do not require a response.  To the extent a response is required, Epik and

23  Royce deny the allegations in this paragraph.

24    125.    Paragraph 125 of the Amended Complaint contains nothing but legal conclusions

25  and argument, which do not require a response.  To the extent a response is required, Epik and

26  Royce deny the allegations in this paragraph.

EPIK AND ROYCE'S ANSWER TO FIRST AMENDED COMPLAINT
[CAUSE NO. 23-CV-495 MJP] - 18

126.    Paragraph 126 of the Amended Complaint contains nothing but legal conclusions and argument, which do not require a response.  To the extent a response is required, Epik and Royce deny the allegations in this paragraph.

127.    Paragraph 127 of the Amended Complaint contains nothing but legal conclusions and argument, which do not require a response.  To the extent a response is required, Epik and Royce deny the allegations in this paragraph.

## FIFTH CAUSE OF ACTION

*Violations of Racketeer Influenced and Corrupt Organizations Act*, 18 U.S.C. § 1962(c)

### (All Defendants)

128.    Epik and Royce incorporate their responses to the allegations in paragraphs 1–127 as if fully set forth herein.

129.    Paragraph 129 of the Amended Complaint contains nothing but legal conclusions and argument, which do not require a response.  To the extent a response is required, Epik and Royce deny the allegations in this paragraph.

130.    Paragraph 130 of the Amended Complaint contains nothing but legal conclusions and argument, which do not require a response.  To the extent a response is required, Epik and Royce deny the allegations in this paragraph.

131.    Paragraph 131 of the Amended Complaint contains nothing but legal conclusions and argument, which do not require a response.  To the extent a response is required, Epik and Royce deny the allegations in this paragraph.

132.    Paragraph 132 of the Amended Complaint contains nothing but legal conclusions and argument, which do not require a response.  To the extent a response is required, Epik and Royce deny the allegations in this paragraph.

133.    Paragraph 133 of the Amended Complaint contains nothing but legal conclusions and argument, which do not require a response.  To the extent a response is required, Epik and Royce deny the allegations in this paragraph.

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

134. Paragraph 134 of the Amended Complaint contains nothing but legal conclusions and argument, which do not require a response. To the extent a response is required, Epik and Royce deny the allegations in this paragraph.

135. Paragraph 135 of the Amended Complaint contains nothing but legal conclusions and argument, which do not require a response. To the extent a response is required, Epik and Royce deny the allegations in this paragraph.

136. Paragraph 136 of the Amended Complaint contains nothing but legal conclusions and argument, which do not require a response. To the extent a response is required, Epik and Royce deny the allegations in this paragraph.

137. Paragraph 137 of the Amended Complaint contains nothing but legal conclusions and argument, which do not require a response. To the extent a response is required, Epik and Royce deny the allegations in this paragraph.

138. Paragraph 138 of the Amended Complaint contains nothing but legal conclusions and argument, which do not require a response. To the extent a response is required, Epik and Royce deny the allegations in this paragraph.

139. Paragraph 139 of the Amended Complaint contains nothing but legal conclusions and argument, which do not require a response. To the extent a response is required, Epik and Royce deny the allegations in this paragraph.

## SIXTH CAUSE OF ACTION
### *Violations of Racketeer Influenced and Corrupt Organizations Act*, 18 U.S.C. § 1962(a)
### (All Defendants)

140. Epik and Royce incorporate their responses to the allegations in paragraphs 1–140 as if fully set forth herein.

141. Paragraph 141 of the Amended Complaint contains nothing but legal conclusions and argument, which do not require a response. To the extent a response is required, Epik and Royce deny the allegations in this paragraph.

EPIK AND ROYCE'S ANSWER TO FIRST AMENDED COMPLAINT
[CAUSE NO. 23-CV-495 MJP] - 20

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

1    142.    Paragraph 142 of the Amended Complaint contains nothing but legal conclusions

2    and argument, which do not require a response.  To the extent a response is required, Epik and

3    Royce deny the allegations in this paragraph.

4    143.    Paragraph 143 of the Amended Complaint contains nothing but legal conclusions

5    and argument, which do not require a response.  To the extent a response is required, Epik and

6    Royce deny the allegations in this paragraph.

7    144.    Paragraph 144 of the Amended Complaint contains nothing but legal conclusions

8    and argument, which do not require a response.  To the extent a response is required, Epik and

9    Royce deny the allegations in this paragraph.

10    145.    Paragraph 145 of the Amended Complaint contains nothing but legal conclusions

11    and argument, which do not require a response.  To the extent a response is required, Epik and

12    Royce deny the allegations in this paragraph.

13    146.    Paragraph 146 of the Amended Complaint contains nothing but legal conclusions

14    and argument, which do not require a response.  To the extent a response is required, Epik and

15    Royce deny the allegations in this paragraph.

16    147.    Paragraph 147 of the Amended Complaint contains nothing but legal conclusions

17    and argument, which do not require a response.  To the extent a response is required, Epik and

18    Royce deny the allegations in this paragraph.

19    148.    Paragraph 148 of the Amended Complaint contains nothing but legal conclusions

20    and argument, which do not require a response.  To the extent a response is required, Epik and

21    Royce deny the allegations in this paragraph.

22    149.    Paragraph 149 of the Amended Complaint contains nothing but legal conclusions

23    and argument, which do not require a response.  To the extent a response is required, Epik and

24    Royce deny the allegations in this paragraph.

25

26

EPIK AND ROYCE'S ANSWER TO FIRST AMENDED COMPLAINT
[CAUSE NO. 23-CV-495 MJP] - 21

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

150.     Paragraph 150 of the Amended Complaint contains nothing but legal conclusions and argument, which do not require a response.  To the extent a response is required, Epik and Royce deny the allegations in this paragraph.

**SEVENTH CAUSE OF ACTION**

*Violations of Racketeer Influenced and Corrupt Organization Act, § 18 U.S.C. 1962(d)* **(All Defendants)**

151.     Epik and Royce incorporate their responses to the allegations in paragraphs 1–150 as if fully set forth herein.

152.     Paragraph 152 of the Amended Complaint contains nothing but legal conclusions and argument, which do not require a response.  To the extent a response is required, Epik and Royce deny the allegations in this paragraph.

153.     Paragraph 153 of the Amended Complaint contains nothing but legal conclusions and argument, which do not require a response.  To the extent a response is required, Epik and Royce deny the allegations in this paragraph.

154.     Paragraph 154 of the Amended Complaint contains nothing but legal conclusions and argument, which do not require a response.  To the extent a response is required, Epik and Royce deny the allegations in this paragraph.

155.     Paragraph 155 of the Amended Complaint contains nothing but legal conclusions and argument, which do not require a response.  To the extent a response is required, Epik and Royce deny the allegations in this paragraph.

156.     Paragraph 156 of the Amended Complaint contains nothing but legal conclusions and argument, which do not require a response.  To the extent a response is required, Epik and Royce deny the allegations in this paragraph.

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

1

**EIGHTH CAUSE OF ACTION**

2

***Unjust Enrichment*** **(All Defendants)**

3        157.    Epik and Royce incorporate their responses to the allegations in paragraphs 1–156

4   as if fully set forth herein.

5        158.    Paragraph 158 of the Amended Complaint contains nothing but legal conclusions

6   and argument, which do not require a response.  To the extent a response is required, Epik and

7   Royce deny the allegations in this paragraph.

8        159.    Paragraph 159 of the Amended Complaint contains nothing but legal conclusions

9   and argument, which do not require a response.  To the extent a response is required, Epik and

10  Royce deny the allegations in this paragraph.

11       160.    Paragraph 160 of the Amended Complaint contains nothing but legal conclusions

12  and argument, which do not require a response.  To the extent a response is required, Epik and

13  Royce deny the allegations in this paragraph.

14

**NINTH CAUSE OF ACTION**

15

***Conversion*** **(All Defendants)**

16       161.    Epik and Royce incorporate their responses to the allegations in paragraphs 1–160

17  as if fully set forth herein.

18       162.    Paragraph 162 of the Amended Complaint contains nothing but legal conclusions

19  and argument, which do not require a response.  To the extent a response is required, Epik and

20  Royce deny the allegations in this paragraph.

21       163.    Paragraph 163 of the Amended Complaint contains nothing but legal conclusions

22  and argument, which do not require a response.  To the extent a response is required, Epik and

23  Royce deny the allegations in this paragraph.

24       164.    Paragraph 164 of the Amended Complaint contains nothing but legal conclusions

25  and argument, which do not require a response.  To the extent a response is required, Epik and

26  Royce deny the allegations in this paragraph.

EPIK AND ROYCE'S ANSWER TO FIRST AMENDED COMPLAINT
[CAUSE NO. 23-CV-495 MJP] - 23

165.    Paragraph 165 of the Amended Complaint contains nothing but legal conclusions and argument, which do not require a response.  To the extent a response is required, Epik and Royce deny the allegations in this paragraph.

## RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

Epik and Royce deny that Plaintiff is entitled to any relief in connection with the claims asserted in the Amended Complaint.

## DEFENSES AND AFFIRMATIVE DEFENSES

Epik and Royce allege the following defenses and affirmative defenses with respect to the claims alleged, without assuming the burden of proof where the burden of proof rests on Plaintiff. The below defenses are based on the facts and information current known to Epik and Royce. Epik and Royce also hereby give notice that they intend to rely upon such other and further defenses as may become available or apparent during pretrial proceedings in this action and hereby reserve their right to amend this Answer and assert all such defenses.

1.      The Amended Complaint, in whole or in part, fails to state a claim against Epik and Royce upon which relief can be granted.

2.      Plaintiff's claims are barred in whole or in part to the extent they fall outside the applicable statute of limitations.

3.      Plaintiff's claims against Epik and Royce are barred in whole or in part by the equitable doctrines of estoppel, waiver, laches, illegality, and/or unclean hands.

4.      Plaintiff lacks standing to assert claims against Epik and Royce.

5.      Plaintiff's claims, to the extent they are based on any alleged oral agreement, are barred in whole or in part by the statute of frauds.

6.      Plaintiff's alleged damages, if any, were caused in whole or in part by the acts or omissions of third parties over whom Epik and Royce have no control and for whose actions Defendants are not legally responsible.

7.      Plaintiff has an adequate remedy at law, barring any equitable relief.

EPIK AND ROYCE'S ANSWER TO FIRST AMENDED COMPLAINT
[CAUSE NO. 23-CV-495 MJP] - 24

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

8.     Plaintiff's claims are barred because Epik's and Royce's actions are subject to the business judgment rule.

9.     Plaintiff's claims are barred because Epik and Royce acted in good faith.

10.    Discovery in this action is ongoing, and Epik and Royce reserve the right to amend this Answer and assert additional defenses and affirmative defenses as warranted and as consistent with the Civil Rules and/or any Court orders.

Respectfully submitted this 30th day of May, 2023.

SEYFARTH SHAW LLP

By:   *s/ Andrew R. Escobar*
      Andrew R.  Escobar, WSBA No. 42793

By:   *s/ Meryl A. Hulteng*
      Meryl A. Hulteng, WSBA No. 58806

      999 Third Avenue, Suite 4700
      Seattle, WA 98104-4041
      Phone:   (206) 946-4910
      Email:    aescobar@seyfarth.com
      Email:    mhulteng@seyfarth.com

*Counsel for Epik and Royce Epik Holdings, Inc., Epik Inc., Masterbucks LLC, and Brian Royce*

EPIK AND ROYCE'S ANSWER TO FIRST AMENDED COMPLAINT
[CAUSE NO. 23-CV-495 MJP] - 25

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

1

**CERTIFICATE OF SERVICE**

2        I hereby declare that on this 30th day of May, 2023, I caused a copy of the ***Epik and Royce***

3    ***Answer to Plaintiff's Amended Complaint*** to be electronically filed with the Court using ECF

4    Filing system which will send notification of such filing to the following:

5
        David A. Perez
6        Christian W. Marcelo
        Perkins Coie LLP
7        1201 3rd Avenue, Ste. 4900
        Seattle, WA 98101-3099
8        dperez@perkinscoie.com
        cmarcelo@perkinscoie.com
9

10                              *s/ Paul B. Mora*
                                Paul B. Mora, Legal Assistant
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

EPIK AND ROYCE'S ANSWER TO FIRST AMENDED COMPLAINT
[CAUSE NO. 23-CV-495 MJP] - 26