THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MATTHEW ADKISSON, an individual,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>EPIK HOLDINGS, INC., a Washington Corporation; EPIK INC., a Washington Corporation; MASTERBUCKS LLC, a Wyoming company; ROBERT W. MONSTER, an individual; and BRIAN ROYCE, an individual,<br><br>　　　　　　Defendants. | No. 2:23-cv-00495 MJP<br><br>DECLARATION OF MATTHEW ADKISSON |

I, Matthew Adkisson, declare as follows:

1.　I am the plaintiff in this lawsuit and make this declaration on personal knowledge.

2.　On May 11, 2022, I contacted Robert Monster, the owner of various Epik companies, to engage Epik's services in acquiring a domain name, <www.nourish.com> that was listed for sale on Epik.com.

3.　Mr. Monster informed me that to complete the sale, I would need to use Epik's escrow services. Mr. Monster assured me that Epik's "escrow service is #1 in the industry" and that he and Epik would be able to "protect buyer and seller" as the escrow agent. A copy of this correspondence with Mr. Monster is attached to this declaration as **Exhibit A**.

ADKISSON DECLARATION ISO MOT. FOR
TRO (NO. 2:23-CV-00495 MJP) – 1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

4. Based on Mr. Monster's representations regarding Epik's escrow services, I agreed to use Epik's escrow services. That same day, May 11, I used the Epik Escrow services through Epik.com to wire $327,000 to Epik to be held in escrow (the "Escrow Funds"). A receipt I received for the escrow transaction is attached as **Exhibit B**.

5. According to Epik's website at the time and my experience with escrow transactions, how the Epik Escrow process should have worked is that I would place the Escrow Funds into an escrow account controlled by Epik. If the seller of the domain name agreed to complete the transaction, they would transfer the domain name to an escrow account to be held by Epik. Then, Epik would release the Escrow Funds to the domain name seller, and the domain name to me. If the transaction could not be completed for any reason, the Escrow Funds would be returned to me.

6. I later discovered that neither Epik nor Mr. Monster were licensed to provide escrow services.

7. Over the course of the next several months after I wired the Escrow Funds to Epik, Mr. Monster and Epik claimed to be working on securing the domain name I had purchased. After nearly six months with no results, on November 14, 2022, I requested the return of my Escrow Funds. Brian Royce, who I understood to be Epik's Chief Executive Officer at the time, emailed me and promised that he would continue working to secure the domain name, and expressly promised "if [that] does not work then we of course will return the funds." A copy of those emails with Mr. Royce are attached as **Exhibit C**.

8. On December 2, 2022, I still had not received the domain name and my Escrow Funds had not been returned, so I informed Royce and Defendants that I was ending the domain name purchase transaction and again requested that the Escrow Funds be returned to me. *See* **Exhibit C**. After several delays, on December 6, 2022, Mr. Royce sent me a text message again promising to return my funds "in short order." A copy of my text conversation with Mr. Royce is attached as **Exhibit D**.

ADKISSON DECLARATION ISO MOT. FOR
TRO (NO. 2:23-CV-00495 MJP) – 2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

9. During those months and the next two months, Epik, Royce, and Monster continued to make promises that they would return the Escrow Funds to me. Although I was apprehensive, each time Defendants promised to return my Escrow Funds, I trusted them to follow through and relied on their statements, refraining from reporting Epik or taking other legal action to recover my Escrow Funds for several months.

10. On January 11, 2023, Epik, through counsel, sent my counsel a letter via email promising to return my Escrow Funds in full by no later than January 31, 2023. A copy of the January 11, 2023 letter is attached as **Exhibit E**. I accepted that proposal, and believed and relied on Epik making the payment they promised. Unfortunately, they failed to do so.

11. On January 12, 2023, I received a wire transfer of $20,000 from Mr. Monster. However, no further payments were made despite Epik's promises.

12. Despite that each of Monster, Royce and Epik have acknowledged the debt owed to me, none of the those defendants have made any additional payments to me.

13. I have been forced to expend significant resources in legal fees in order to recover my Escrow Funds which Monster, Royce and Epik each admit I am owed.

**I declare under penalty of perjury that the foregoing is true and correct.**

EXECUTED this 31st day of May 2023

DocuSigned by:

*Matthew Adkisson*

Matthew Adkisson

ADKISSON DECLARATION ISO MOT. FOR
TRO (NO. 2:23-CV-00495 MJP) – 3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000