THE HONORABLE LAUREN KING

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MATTHEW ADKISSON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>EPIK HOLDINGS, INC., a Washington Corporation; EPIK INC., a Washington Corporation; MASTERBUCKS LLC, a Wyoming company; ROBERT W. MONSTER, an individual; and BRIAN ROYCE, an individual,<br><br>Defendants | No. 2:23-cv-00495 LK<br><br>PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT BY CONFESSION<br><br>**NOTE ON MOTION CALENDAR:<br>JUNE 4, 2024**[1] |

---

[1] Because Monster has consented to the entry of judgment by confession as part of the Confession of Judgment, Perez Decl., Ex. 2 (Confession of Judgment), Adkisson notes this motion as a same-day motion under Local Rule 7(d)(1).

PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT (NO. 2:23-CV-495 LK) –

167590465.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

## I. INTRODUCTION

Defendant Robert W. Monster ("Monster") defaulted on his obligations under the parties' Settlement Agreement and Consent to Entry of Judgment (the "Settlement Agreement"). Per the terms of the Settlement Agreement, Plaintiff Matthew Adkisson files the Confession of Judgment executed by Monster and requests that the Court enter judgment by confession in favor of Adkisson.[2]

## II. BACKGROUND AND ARGUMENT

In May 2022, Adkisson wired $327,000.00 to be held in escrow (the "Escrow Funds") by Monster, the founder and majority owner of Epik Holdings, Epik Inc., and Masterbucks LLC (collectively, "Epik"), for the purchase of a domain name. Declaration of David Perez ("Perez Decl."), Ex. 2 (Confession of Judgment) ¶ 1. Adkisson requested the return of his Escrow Funds on December 2, 2022. *Id.* The Escrow Funds were not used for the purchase of the domain name, and $307,000 of the Escrow Funds were not returned to Adkisson. *Id.*

Adkisson filed suit on March 31, 2023 in the United Stated District Court for Western District of Washington in Seattle, No. 2:23-cv-00495-LK, regarding the misappropriation of the Escrow Funds and asserting claims for breach of contract, fraudulent misrepresentation, breach of fiduciary duty, violations of Washington's Consumer Protection Act (RCW 19.86.020, et. seq), violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962(a), (c) and (d); unjust enrichment, and conversion. *Id.* ¶ 2. Adkisson sought trebled damages (per 18 U.S.C. § 1964), pre- and post-judgment interest, attorneys' fees, and costs. *Id.*

**A.   Settlement Agreement and Confession of Judgment**

On June 1, 2023, Adkisson, Monster and the other defendants entered into a Settlement Agreement and Consent to Entry of Judgment to resolve the dispute. *See* Perez Decl. Ex. 1

---

[2] Should it be necessary for the Court to reopen this action to enter judgment by confession, Adkisson respectfully requests that the Court do so.

PLAINTIFF'S MOTION FOR ENTRY OF
JUDGMENT (NO. 2:23-CV-495 LK) – 1

167590465.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

(Settlement Agreement); Ex. 2 Confession of Judg., ¶ 3. The Settlement Agreement required that Monster pay Adkisson a total amount of $100,000.00 by May 31, 2024, with 8% interest accruing from June 1, 2023. Confession of Judg., ¶ 3. In the event of a default by Monster under the Settlement Agreement, and pursuant to the terms of the Settlement Agreement, Monster authorized the Court to enter Judgment against him and in favor of Adkisson for the sum of $100,000, trebled, in addition to accrued interest from June 1, 2023, and for attorneys' fees and costs for the underlying litigation and enforcement of the Confession of Judgment. *Id*. ¶ 4.[3] Monster executed a Confession of Judgment in Adkisson's favor for such relief, to be filed in the event of default.

On May 6, 2024, Adkisson sent a letter to Monster via email and to his personal residence reminding Monster of his obligation to make payment to Adkisson under the Settlement Agreement by May 31, 2024. Perez Decl. ¶ 4, Ex. 3 (correspondence to Monster). Receiving no response, Adkisson followed up several times with Monster including on May 15 and May 26. *Id*. Monster did not respond, nor did he satisfy his payment obligation. *Id.* ¶ 4; Declaration of Matthew Adkisson ("Adkisson Decl.") ¶ 3. On May 29, 2024, Adkisson provided five days' notice to Monster that, if Monster failed to make timely and full payment by May 31, 2024, Adkisson intended to file the Confession of Judgment on or after June 3, 2024. Perez Decl., Ex. 3.

The parties agreed that if Monster defaulted under the Settlement Agreement, Adkisson was entitled to file the Confession of Judgment. Confession of Judg., ¶ 4. Monster has failed to make any payment to Adkisson, defaulting on the Settlement Agreement. Adkisson Decl. ¶ 3. Monster thus authorizes the Court to enter judgment against him and in favor of Adkisson for the sum of $300,000, plus interest and attorneys' fees and costs. Confession of Judg., at 1-2. Monster admits and acknowledges this debt is justly and presently due, stipulates to jurisdiction and venue before this Court, and concedes there are no defenses to the entry of the judgment. *Id.* ¶¶ 5-6.

---

[3] Per the Confession of Judgment, Monster authorized entry of judgment against him in the amount of $100,000, trebled, totaling $300,000. Trebled damages are provided for under the RICO Act, 18 U.S.C. § 1964(c), which mandates an award of trebled damages to the injured party.

PLAINTIFF'S MOTION FOR ENTRY OF
JUDGMENT (NO. 2:23-CV-495 LK) – 2

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

167590465.2

Monster also agrees that personal service is not required for entry of judgment, and that the judgment may be entered without a hearing or prejudgment presentment per RCW 4.60 *et seq.* Confession of Judg., ¶ 7. The notice provided to Monster on May 29 is sufficient service to allow entry of the Confession of Judgment. *Id.*; *see also* Perez Decl., Ex. 3 (May 29 email to Monster).

Adkisson accordingly requests that the Court enter judgment by confession in the form presented by the parties and with this motion. *See* Confession of Judg.; *see also* 28 U.S.C. § 1874; *Kyko Glob. Inc v. Prithvi Info. Sols. Ltd*, No. C13-1034 MJP, 2016 WL 4055584, at *2 (W.D. Wash. Jan. 12, 2016) (entering confession of judgment in accordance with RCW 4.60.010 *et seq.*), *vacated on other grounds*, 2018 WL 4804587 (W.D. Wash. Apr. 23, 2018) (reducing amount of judgment); *Eastwest Gold Corp. v. Innovative Repairs, LLC*, No. 3:19-cv-05442-RJB-DWC, Dkt. 26 (Order Granting Plaintiff's Motion for Judgment)[4] (entering judgment by confession); *E Beats Music v. Wang Rest. Enters., Inc.*, No. CV-08-0097-FVS, 2008 WL 4643129, at *1 (E.D. Wash. Oct. 20, 2008) (same); *LOL Finance Co. v. Carrigan*, No. 16-CV-000651 (SRN/TNL), 2016 WL 4154339, at *2 (D. Minn. Aug. 5, 2016) (same).

### B.     Adkisson's Attorneys' Fees

In addition to judgment for the principal amount and pre- and post-judgment interest, Monster authorizes the award of "full attorneys' fees in connection with case No. 2:23-cv-00495-LK and enforcement of this Confession of Judgment." *See* Confession of Judg. at 1-2. Adkisson has incurred, and has actually paid, more than $129,505 in attorneys' fees expended in connection with this litigation and enforcement of the Confession of Judgment. *See* Perez Decl., ¶¶ 5-12, *see also* Perez Decl., Ex. 4 (attorney time entries). Adkisson accordingly requests that the Court enter judgment against Monster and in Adkisson's favor for $129,505 in attorneys' fees, in addition to the principal and interest owed to Adkisson.

---

[4] A copy of the Order in *Eastwest v. Innovative Repairs* is provided with this motion.

PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT (NO. 2:23-CV-495 LK) – 3

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

167590465.2

Although not a requirement to award Adkisson the "full attorneys' fees" that Monster agreed to in his Confession of Judgment (Dkt. 27 at 1-2), Adkisson's requested fees are in fact reasonable and were necessary in the underlying litigation and enforcement of the Confession of Judgment. Perez Decl. ¶¶ 5-12.

Adkisson seeks an award covering 160 billed hours, totaling $129,505 in fees. Perez Decl., Ex. 4 (time entries). This constitutes only the time spent by Adkisson's two attorneys of record. Notably, Adkisson is not seeking to recover all fees incurred, and is excluding, among other things, time billed by paralegals and other attorneys who assisted in the matter, time billed investigating the claims prior to drafting the complaint filed in this matter, and other costs associated with this litigation. Perez Decl. ¶ 6. In total, Adkisson has reduced the fees he is requesting by over $28,000, which is over 20% of the fees Adkisson seeks. *Id.*

The amount requested by Adkisson is also reasonable in light of the complexity of this case, the amount in dispute, and the conduct of defendants. Despite that Monster and the other defendants acknowledged their outstanding debt to Adkisson, they refused to make him whole. *See* Dkt. 15 (Answer to Amended Compl.) ¶ 73 (admitting that "Epik owes Adkisson a refund of the $327,000 in funds he previously transferred to it"). Numerous other consumers had similar complaints about the defendants. *See e.g.,* Dkt. 19-21 (declarations from other defrauded consumers). Given the conduct at issue and wide scope of affected consumers, Adkisson's claims included several alleged violations of the RICO Act, 18 U.S.C. § 1962(a), (c) and (d).

Soon after Adkisson filed his Amended Complaint, Monster and the other defendants threatened to liquidate their assets in an effort to avoid having to repay Monster and other victims. *See* Dkt. 16 (Mot. for Temporary Restraining Order) at 9-11. These actions forced Adkisson to act quickly and file a Motion for Temporary Restraining Order to stop the liquidation of defendants' assets, and preserve funds that rightfully belonged to Adkisson. *Id*. The parties executed the Settlement Agreement soon after. *See* Perez Decl.*,* Ex. 1 (Settlement Agreement).

PLAINTIFF'S MOTION FOR ENTRY OF
JUDGMENT (NO. 2:23-CV-495 LK) – 4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

167590465.2

The amount in dispute also far exceeded Adkisson's expended fees. Monster owed Adkisson $307,000, and when trebled per 18 U.S.C. § 1964(c), faced a judgment of over $900,000 plus interest, attorneys' fees and costs. The $129,505 Adkisson seeks to recover as attorneys' fees is reasonable considering this potential judgment and recovery.

The rates of Adkisson's counsel are also reasonable. To determine the reasonableness of the rates charged, courts look at "[t]he fee customarily charged in the locality for similar legal services" as well as "the difficulty and novelty of the issues and the specialized skills required." *Miller v. Kenny*, 180 Wn. App. 772, 820–21 (2014). Numerous courts have upheld the reasonableness of the rates charged by Perkins Coie attorneys. *See, e.g.*, *Wagafe v. Trump*, C17-00094 RAJ, 2020 WL 2494726 at *1 (W.D. Wash. May 14, 2020) (approving rates of counsel from Perkins Coie); *Philips Oral Healthcare, Inc. v. Fed. Ins. Co.*, 2005 WL 3020014, at *8-9 (W.D. Wash. Nov. 10, 2005) (same, noting that "[a] lawyer's customary rate is generally presumed reasonable."); *Stalwart Capital, Inc. v. iCap Pac. Nw. Income & Opportunity Fund, et al.*, C14-01128 TSZ, 2019 WL 852064, at *2 (9th Cir. 2019) (approving rates of counsel from Perkins Coie); *Moi v. Chihuly Studio, Inc.*, C17-0853RSL, 2019 WL 6033367, at *2-3 (W.D. Wash. Nov. 14, 2019) *aff'd* 846 F. App'x. 497 (9th Cir. 2021) (same). These rates are especially reasonable considering the complexity of litigating RICO claims and the quick turnaround required to prepare the necessary motion for temporary restraining order, including investigation and preparation of numerous declarations from third parties who were similarly damaged by Monster's conduct. *Miller*, 180 Wash. App. at 820–21; WA RPC 1.5(a)(1) (considering "the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly" to determine reasonableness of fees). *See also* Perez Decl. ¶¶ 7-8, 11-12.

These circumstances establish the reasonableness of the hours and rates that Adkisson's attorneys spent on this case and charged. And the attached Perez declaration supports this conclusion. The declaration certifies that the hours expended by Adkisson's counsel, detailed in Exhibit 4, were actually expended as described, and were paid by Adkisson. The declaration attests

PLAINTIFF'S MOTION FOR ENTRY OF
JUDGMENT (NO. 2:23-CV-495 LK) – 5

167590465.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

that the attorneys participating in the case maintained detailed, contemporaneous, and accurate records of time devoted to this matter throughout the entire course of representation. Perez Decl. ¶ 9-10. The declaration further attests that all billing attorneys efficiently discharged their duties in litigating this case. *Id*. All hours submitted were devoted to necessary litigation tasks, including investigation of defendants' conduct, drafting the pleadings, preparing a motion for temporary restraining order and support documents, and preparing and enforcing the Settlement Agreement and Confession of Judgment.

Moreover, the Confession of Judgment executed by Monster makes no exception for, or requirement to show, the reasonableness of the rates or hours expended by Adkisson. Nor was Adkisson required to unilaterally reduce the fees he seeks, as he does here. Instead, Monster agreed to a judgment in Adkisson's favor that included an amount for "full attorneys' fees in connection with case No. 2:23-cv-00495-LK and enforcement of this Confession of Judgment." Dkt. 27 (Confession of Judg.) at 1-2. Adkisson is entitled to judgment in his favor for attorneys' fees in the amount of $129,505.

### III.   CONCLUSION

For these reasons, Adkisson requests that the Court enter a judgment in the form agreed to by the parties in the Confession of Judgment, for the total amount of $437,505.[5]

I certify that this memorandum contains 1,997 words, in compliance with the Local Civil Rules.

---

[5] $300,000 in principal amount, $8,000 in interest, and $129,505 in attorneys' fees.

PLAINTIFF'S MOTION FOR ENTRY OF
JUDGMENT (NO. 2:23-CV-495 LK) – 6

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

167590465.2

RESPECTFULLY SUBMITTED this June 4, 2024.

s/ David A. Perez
David A. Perez, WSBA No. 43959
Christian W. Perez, WSBA No. 51193
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
E-mail: DPerez@perkinscoie.com
E-mail: CMarcelo@perkinscoie.com

Attorneys for Plaintiff Matthew Adkisson

PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT (NO. 2:23-CV-495 LK) – 7

167590465.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

# CERTIFICATE OF SERVICE

I certify under penalty of perjury that on June 4, 2024, I electronically filed the foregoing PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT BY CONFESSION with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following attorney(s) of record:

> Andrew Ramiro Escobar
> Meryl Hulteng
> SEYFARTH SHAW LLP (SEA)
> 999 THIRD AVE STE 4700
> SEATTLE, WA 98104
> 206-946-4910
> aescobar@seyfarth.com
> mhulteng@seyfarth.com

I further certify that I caused service to be made on the following non-CM/ECF participants by the method(s) indicated:

| Robert Monster<br>*Pro Se*<br><rob@monsterventurepartners.com> | ___ Via hand delivery<br>_X_ Via U.S. Mail, 1st Class, Postage Prepaid<br>___ Via Overnight Delivery<br>___ Via Facsimile<br>_X_ Via Email<br>___ Other: _____ |
|---|---|

DATED this 4th day of June 2024

/s/ June Starr
June Starr

CERTIFICATE OF SERVICE
(NO. 23-CV-495 MJP) – 1

167590465.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000