THE HONORABLE LAUREN KING

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MATTHEW ADKISSON, an individual, | No. 2:23-cv-495 LK |
| Plaintiff, | DECLARATION OF DAVID PEREZ IN SUPPORT OF MOTION FOR ENTRY OF JUDGMENT |
| v. | |
| EPIK HOLDINGS, INC., a Washington Corporation; EPIK INC., a Washington Corporation; MASTERBUCKS LLC, a Wyoming company; ROBERT W. MONSTER, an individual; and BRIAN ROYCE, an individual, | |
| Defendants. | |

I, David A. Perez, declare as follows:

1.     I am an attorney licensed to practice law before the courts of the State of Washington.  I am an attorney at Perkins Coie LLP, and counsel in this action for Plaintiff Matthew Adkisson.  I submit this declaration in support of Plaintiff Matthew Adkisson's Motion for Entry of Judgment.  I have personal knowledge of the facts stated herein and, if called upon, could and would testify competently thereto under oath.

2.     On June 1, 2023, the parties in this litigation, Case No. 2:23-cv-00495 LK, executed a Settlement Agreement and Consent to Entry of Judgment ("Settlement Agreement").  A true and correct copy of the Settlement Agreement is attached hereto as **Exhibit 1**.

PEREZ DECLARATION ISO MOTION FOR
ENTRY OF JUDGMENT
(NO. 23-CV-495 LK) – 1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

167603532.1

3.      As part of the settlement, Mr. Adkisson and one of the defendants, Robert Monster, also executed a Confession of Judgment by Robert W. Monster (the "Confession of Judgment"), a true and correct copy of which is attached hereto as **Exhibit 2**.

4.      On May 6, 2024, I sent a letter to Mr. Monster by email and by US mail to Mr. Monster's personal residence reminding him that his payment obligations were due by May 31, 2024. I followed up with Mr. Monster by email on May 15 and May 26, but received no response. On May 29, my colleague notified Mr. Monster of Mr. Adkisson's intent to file the Confession of Judgment on or after June 3, 2024 if timely and full payment was not made to Mr. Adkisson under the Settlement Agreement. True and correct copies of the correspondence to Mr. Monster are attached hereto as **Exhibit 3**. I did not receive a response from Mr. Monster.

5.      Per the Confession of Judgment, Mr. Adkisson seeks an award of attorneys' fees billed to and paid by him, totaling $129,505.00 in connection with this litigation and enforcement of the Confession of Judgment.

6.      The requested fees and costs are limited to time billed by Mr. Adkisson's two attorneys of record, myself and Christian Marcelo. The request is highly conservative and excludes, among other things, time billed by paralegals and other attorneys who assisted in the matter, time billed investigating the claims prior to drafting the complaint filed in this matter, and other costs associated with this litigation. In total, Mr. Adkisson has reduced the fees he is requesting by over $28,000.

7.      I have been a partner with Perkins Coie since 2019. I am the Firmwide Chair of Perkins Coie's Business Litigation practice. After earning my J.D. from Yale Law School, I clerked on the U.S. Court of Appeals for the Ninth Circuit. I have also been named a Washington "Super Lawyer." In my extensive litigation practice, I have represented numerous plaintiffs and defendants asserting or defending against RICO claims, fraud, and breach of contract claims similar to those at issue in this matter. I was lead counsel in this matter.

PEREZ DECLARATION ISO MOTION FOR
ENTRY OF JUDGMENT
(NO. 23-CV-495 LK) – 2
167603532.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

8.      Christian Marcelo is Counsel at Perkins Coie and has been with the firm since 2016. Mr. Marcelo also focuses his practice on intellectual property matters involving domain name litigation, contract disputes, and intellectual property disputes and has represented both plaintiffs and defendants in cases involving RICO claims. Mr. Marcelo led efforts in drafting the pleadings, discovery requests, and the motion for temporary restraining order.

9.      The timekeepers involved in this matter on behalf of Mr. Adkisson recorded their time contemporaneously. All attorneys are instructed that they are legally and ethically obligated to accurately record their time. To the best of my knowledge, Perkins Coie's billing records accurately reflect the time that these attorneys devoted to this matter.

10.     A true and correct copy of detailed time entries, together with the associated invoice, which were compiled from contemporaneously created time records maintained by Mr. Adkisson's counsel, isolating the total number of hours for which Mr. Adkisson seeks fees for each timekeeper, is attached as **Exhibit 4**. I have reviewed these time entries and can confirm to the best of my knowledge that both billing attorneys efficiently discharged their duties in litigating this case. All the time reflected in **Exhibit 4** was reasonably spent and necessary to the litigation of this matter and enforcement of the Confession of Judgment.

11.     The hourly rates reflected in **Exhibit 4** are the billing attorney's customary rates at the time billed.  While at the higher end of hourly rates for large law firms that practice in the Western District of Washington, our rates are in the range of prevailing rates in this community and compare favorably with rates charged by other national law firms headquartered out-of-state who practice in Seattle courts and who, in some instances, have an office in King County, Washington.

12.     Mr. Adkisson's requested attorneys' fees are reasonable in the circumstances. This case involved several claims, including complicated claims under the RICO statutes. Additionally, Mr. Monster and the other defendants' conduct increased the fees Mr. Adkisson was forced to expend. For instance, Mr. Adkisson was forced to file a Motion for Temporary Restraining Order

PEREZ DECLARATION ISO MOTION FOR
ENTRY OF JUDGMENT
(NO. 23-CV-495 LK) – 3
167603532.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48
49
50
51

to stop the liquidation of defendants' assets, and preserve funds that rightfully belonged to Mr. Adkisson. This work included a thorough investigation that revealed numerous other consumers that were similarly affected by Monster's conduct, and the preparation of declarations from many such consumers.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 4th day of June, 2024.

*/s/ David A. Perez*
David A. Perez

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**CERTIFICATE OF SERVICE**

I certify under penalty of perjury that on June 4, 2024, I electronically filed the foregoing

DECLARATION OF DAVID PEREZ with the Clerk of the Court using the CM/ECF system,

which will send notification of such filing to the following attorney(s) of record:

Andrew Ramiro Escobar
Meryl Hulteng
SEYFARTH SHAW LLP (SEA)
999 THIRD AVE STE 4700
SEATTLE, WA 98104
206-946-4910
aescobar@seyfarth.com
mhulteng@seyfarth.com

I further certify that I caused service to be made on the following non-CM/ECF

participants by the method(s) indicated:

| Robert Monster<br>*Pro Se*<br><rob@monsterventurepartners.com> | ___ Via hand delivery<br> X  Via U.S. Mail, 1st Class, Postage Prepaid<br>___ Via Overnight Delivery<br>___ Via Facsimile<br> X  Via Email<br>___ Other: _____ |
| --- | --- |

DATED this 4th day of June, 2024.

/s/ June Starr
June Starr

CERTIFICATE OF SERVICE
(NO. 23-CV-495 LK) – 1

167603532.1

# EXHIBIT 1

**SETTLEMENT AGREEMENT AND CONSENT TO ENTRY OF JUDGMENT**

THIS SETTLEMENT AGREEMENT AND CONSENT TO ENTRY OF JUDGMENT (this "Agreement") is made as of June 1, 2023 ("Effective Date"), by and between Epik LLC, a Wyoming limited liability company ("EPIK"), Epik Holdings, Inc., a Washington corporation, together with its Affiliates and Subsidiaries ("Epik Holdings"), Robert Monster ("Monster"), Brian Royce ("Royce"), and Matthew Adkisson ("Adkisson") (collectively "Parties" or "Party").

WHEREAS, Adkisson has certain civil legal claims against Epik Holdings, Monster, and Royce, including but not limited to pending litigation in the case of *Matthew Adkisson v. Epik Holdings Inc et al* (Case No. 2:23-ca-495) ("Claims");

WHEREAS, the Parties have determined that it is in their mutual best interests to satisfy the outstanding Claims.

NOW, THEREFORE, for and in consideration of the foregoing and the mutual agreements hereinafter set forth, the Parties hereby agree as follows:

1. Payment by EPIK to Adkisson. Within 3 business days of the full execution and satisfaction of all Conditions Precedent (as defined in the APA) of an Asset Purchase Agreement ("APA") between EPIK and Epik Holding ("Closing"), EPIK agrees to pay four hundred and seven thousand dollars and 00/100 USD ($407,000) to Adkisson.  In addition to the consideration to be paid by Monster, as set forth in Section 2 below, this will be deemed for purposes of this Agreement to be a full satisfaction of all Claims ("Claim Satisfaction").

2. Payment and Confession of Judgment Executed by Monster:  As part of the Claim Satisfaction, Monster has agreed to pay Adkisson $100,000 by May 31, 2024. That $100,000 accrues 8% interest starting on June 1, 2023.  Monster also agreed to execute

the Confession of Judgment attached hereto as Exhibit A.  Monster agrees to mail his executed original of the Confession of Judgment to Adkisson's counsel, David Perez with Perkins Coie LLP, at the following address: 1201 Third Avenue, Suite 4900, Seattle, WA 98101. Adkisson agrees not to cause the Confession of Judgment to be entered with the Court in *Matthew Adkisson v. Epik Holdings Inc et al* (Case No. 2:23-ca-495) or any other legal proceeding, unless Monster fails to timely pay by May 31, 2024.  If Monster timely performs as required under the terms of this Agreement, then Adkisson will destroy the Confession of Judgment and send written confirmation to Monster that it has been destroyed and is unenforceable.

3. <u>Termination</u>. Adkisson agrees and acknowledges that, upon EPIK's payment and receipt of the executed Confession of Judgment that constitute the Claim Satisfaction, the Claims shall be automatically terminated, and that as a result of such termination and of the mutual releases set forth in Section 4 below, no Party shall have any further claims to assets or payments, nor any continuing liabilities or obligations, to another Party of any nature whatsoever with respect to the subject matter of the Claims.  Adkisson and counsel for Epik Holdings and Royce will immediately notify the Court in *Matthew Adkisson v. Epik Holdings Inc et al* (Case No. 2:23-ca-495) that the case has been resolved.  Adkisson shall immediately move to strike and withdraw his pending Motion for Temporary Restraining Order, pending receipt of EPIK's payment, and Adkisson may re-file the Motion for Temporary Restraining Order if EPIK's payment is not received by the date provided herein. Adkisson shall prepare and coordinate with Epik Holdings, Royce, and Monster to file a stipulated dismissal with prejudice of the lawsuit within one (1) business day of Adkisson's receipt of the payment by EPIK referenced in Section 1 above.

4. <u>Release</u>.

    a. Upon receipt of EPIK's payment and the executed Confession of Judgment Adkisson will and does hereby forever release, remise and discharge EPIK, Epik Holdings, Monster, and Royce, and each of their respective agents, representatives, equity holders, attorneys, accountants, advisors, predecessors, successors, successors-in-interest, assigns, Subsidiaries and Affiliates ("Released Parties") from any and all Claims, and hereby agrees and covenants not to assert or prosecute against the Released Parties any Released Claims that Adkisson ever had, may have, or hereafter can, may or shall have.

    b. EPIK, Epik Holdings, Monster, and Royce, and each of their respective agents, representatives, equity holders, attorneys, accountants, advisors, predecessors, successors, successors-in-interest, assigns, Subsidiaries and Affiliates, will and do hereby forever release, remise and discharge Adkisson from any and all Claims, and hereby agree and covenant not to assert or prosecute against Adkisson any Released Claims that they ever had, may have, or hereafter can, may or shall have.

5. <u>Certain Definitions</u>.

    a) "<u>Affiliate</u>" shall mean, with respect to any Person, (a) each Person that, directly or indirectly, controls, is controlled by, or is under common control with such Person, (b) each Person that, directly or indirectly, owns or controls, whether beneficially, or as a trustee, guardian or other fiduciary, five percent (5%) or more of any capital stock, general or limited partnership interest, or other equity interest of such Person, (c) in the case of a limited liability company, any Person that is the managing member of that Person and in all instances each Person that controls, is controlled by or is under common control with such Person, and (d) each of such Person's officers, directors,

Adkisson Settlement Agreement                                                       3

joint venturers and partners, including but not limited to Monster and Royce. For purposes of this definition, "control" (including with correlative meanings, the terms "controlling," "controlled by" and "under common control with") means the possession, directly or indirectly, of the power to direct or cause the direction of the management and policies of a Person, whether through the ownership of voting securities or by contract or otherwise.

b)  "Claim(s)" shall mean, other than any criminal complaints that a Party hereto may have against another Party or its employees. individually or collectively, as applicable, any and all other actions, causes of action, civil claims, counterclaims, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, rights, claims, demands, liabilities, losses, rights to reimbursement, subrogation, indemnification or other payment, costs or expenses, and reasonable attorneys' fees, whether in law or in equity, of any nature whatsoever, known or unknown, suspected or unsuspected, fixed or contingent, and whether representing a past, present or future obligation, including but not limited to the Claims set forth in the pending litigation entitled *Matthew Adkisson v. Epik Holdings Inc et al* (Case No.2:23-ca-495).

c)  "Person" shall mean any individual, firm, corporation, business enterprise, trust, association, joint venture, partnership or any other entity, whether acting in an individual, fiduciary or other capacity.

d)  "Released Claims" shall mean, individually and collectively, any and all Claims that may relate in any way to the Claims.

e) "Subsidiaries" means, with respect to any Person, any corporation, partnership, association or business entity of which more than fifty percent (50%) of the total voting power of shares of stock (or equivalent ownership or controlling interest) entitled (without regard to the occurrence of any contingency) to vote in the election of directors, managers or trustees thereof is at the time owned or controlled, directly or indirectly, by that Person or one or more of the other Subsidiaries of that Person or a combination thereof.

6. No Admission. Nothing in this Agreement shall be construed as an admission by any Party to this Agreement of the existence of any Released Claim or of any liability with respect to any or all of such Released Claims or any other past or future act, omission, fact, matter, transaction or occurrence.

7. Waiver of Section 1542. It is the intention of the Parties and their counsel that this Agreement be effective as a full and final accord, satisfaction and release as to the matters released in the prior two paragraphs. In furtherance of this intention, each Party represents, and warrants that it has read and is familiar with California Civil Code § 1542, which provides as follows:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

Each Party, with the advice of counsel, knowingly and voluntarily waives any protection to which it may be entitled under Section 1542 and further waives any protection that may exist under any comparable or similar statutes or principles of law under any and

all states of the United States or of the United States, and covenants not to assert any claims in violation of this waiver.

8.  Representations and Warranties. Each Party represents and warrants to the other as follows:

(a) such Party is duly organized, validly existing and in good standing under the laws of its state of organization;

(b) such Party has taken all corporate, limited partnership or limited liability company action required to authorize the execution and delivery of this Agreement, including, without limitation, receiving the approval of such Party's board of directors;

(c) this Agreement constitutes the legal, valid and binding obligation of such Party, enforceable in accordance with its terms, and the execution, delivery and performance of this Agreement by such Party does not and will not conflict with, violate or cause a breach of any agreement, contract or instrument to which such Party is a party or any judgment, order or decree to which such Party is subject; and

(d) such Party has not assigned, transferred, or otherwise granted to any person or entity any interest in any Claims released pursuant to this Agreement.

8.  General.

(a) Counterparts. This Agreement may be executed in two or more counterparts, including facsimile counterparts, each of which will be an original, and all of which shall constitute one and the same Agreement, which shall be binding and effective on all Parties to this Agreement.

(b) <u>Attorneys' Fees</u>.  If any action is necessary to enforce the terms of this Agreement, the prevailing party will be entitled to reasonable attorneys' fees, costs and expenses in addition to any other relief to which such prevailing party may be entitled.

(c) <u>Governing Law; Venue; Severability</u>.   This Agreement will be governed by and construed in accordance with the laws of the state of Washington excluding that body of law pertaining to conflict of laws. Any legal suit, action, or proceeding relating to this Agreement must be situated in the federal or state courts located in King County, Washington. If any provision of this Agreement is for any reason found to be unenforceable, the remainder of this Agreement will continue in full force and effect.

(d) <u>Complete Understanding; Modification</u>.  This Agreement constitutes the complete and exclusive understanding and agreement of the Parties and supersedes all prior understandings and agreements, whether written or oral, with respect to the subject matter hereof. Any waiver, modification or amendment of any provision of this Agreement will be effective only if in writing and signed by the Parties hereto.

(e) <u>No Public Announcements</u>. Neither Party shall, without the approval of the other Party, make any press release or other public announcement concerning the transactions contemplated by this Agreement, except as and to the extent that such Party shall be so obligated by law, in which case the other Party shall be advised and the Parties shall use their best efforts to cause a mutually agreeable release or announcement to be issued.

(f) <u>Non-Disparagement</u>. The Parties agree that they shall not at any time make statements or representations, or otherwise communicate, directly or indirectly, in writing, orally, or otherwise, or take any action which may, directly or indirectly, disparage another Party to this Agreement or any of its subsidiaries or affiliates or their respective

officers, directors, employees, advisors, shareholders, business or reputations. Notwithstanding the foregoing, nothing in this Agreement shall preclude a Party from making truthful statements that are required by applicable law, regulation, or legal process.

[Signature Pages Follow]

IN WITNESS WHEREOF, the Parties have signed this Agreement as of the Effective Date.

**EPIK LLC**

Signature: _____

By: _JM Spear_____

Title: _COO_____

STATE OF _IDAHO_____

COUNTY OF _KOOTENAI_____

I certify that I know or have satisfactory evidence that _JM Spear_____,

is the person who appeared before me and said person acknowledged that (he/she) signed this instrument and acknowledged it to be (his/her) free and voluntary act for the uses and purposes mentioned in the instrument.

Dated this __1__ day of _June_____, 2023

_Richard Myers_____
Signature of Notary

_Richard Myers_____
Name of Notary

My appointment expires _10-25-27_____

RICHARD MYERS
NOTARY
PUBLIC
Comm no. 2021905
STATE OF IDAHO

Adkisson Settlement Agreement

**Matthew Adkisson**

Signature:  _____

By:  _____

STATE OF _____

COUNTY OF _____

I certify that I know or have satisfactory evidence that _____,

is the person who appeared before me and said person acknowledged that (he/she) signed this instrument and acknowledged it to be (his/her) free and voluntary act for the uses and purposes mentioned in the instrument.

Dated this _____ day of _____, 2023

_____

Signature of Notary

_____

Name of Notary

My appointment expires _____

**Epik Holdings, Inc.**

Signature: _____

By: _____

Title: _____

STATE OF _____

COUNTY OF _____

I certify that I know or have satisfactory evidence that _____,

is the person who appeared before me and said person acknowledged that (he/she) signed this
instrument and acknowledged it to be (his/her) free and voluntary act for the uses and purposes
mentioned in the instrument.

Dated this _____ day of _____, 2023

_____
Signature of Notary

_____
Name of Notary

My appointment expires _____

**Robert Monster**

Signature: *Robert Willem Monster*

By: _____
         Robert Willem Monster

STATE OF _____
                    Virginia

COUNTY OF _____
                      Prince William

I certify that I know or have satisfactory evidence that _____,
                                                                                    Robert Willem Monster

is the person who appeared before me and said person acknowledged that (he/she) signed this
instrument and acknowledged it to be (his/her) free and voluntary act for the uses and purposes
mentioned in the instrument.

Dated this _____ day of _____, 2023
                         1st                              June

**Emon Christian Moore**

REGISTRATION NUMBER
8033469
COMMISSION EXPIRES
September 30, 2026

COMMONWEALTH OF VIRGINIA · ELECTRONIC NOTARY PUBLIC

Notarized online using audio-video communication

_____
Signature of Notary

_____
Emon Christian Moore
Name of Notary

My appointment expires _____
                                              09/30/2026

**Brian Royce**

Signature: _____

By: _____

STATE OF _____

COUNTY OF _____

I certify that I know or have satisfactory evidence that _____,

is the person who appeared before me and said person acknowledged that (he/she) signed this instrument and acknowledged it to be (his/her) free and voluntary act for the uses and purposes mentioned in the instrument.

Dated this _____ day of _____, 2023

_____

Signature of Notary

_____

Name of Notary

My appointment expires _____

**Brian Royce**

Signature: _Brian Royce_

By: _CEO_ _____

STATE OF _TX_ _____

COUNTY OF _Harris_ _____

I certify that I know or have satisfactory evidence that _Brian Royce_ _____,

is the person who appeared before me and said person acknowledged that (he/she) signed this instrument and acknowledged it to be (his/her) free and voluntary act for the uses and purposes mentioned in the instrument.

Dated this _1st_ day of _June_ , 2023

_Liza Bazargan_
Signature of Notary

LIZA MARIE BAZARGAN
Notary ID #133167516
My Commission Expires
June 21, 2025

_Liza Bazargan_
Name of Notary

My appointment expires _June 21, 2025_

Adkisson Settlement Agreement                                                     13

**Epik Holdings, Inc.**

Signature: _Brian Royce_

By: _Brian Royce_

Title: _CEO_

STATE OF _TX_

COUNTY OF _Harris_

I certify that I know or have satisfactory evidence that _Brian Royce_ ,

is the person who appeared before me and said person acknowledged that (he/she) signed this instrument and acknowledged it to be (his/her) free and voluntary act for the uses and purposes mentioned in the instrument.

Dated this ___1st___ day of ___June___ , 2023

_Liza Bazargan_

Signature of Notary

LIZA MARIE BAZARGAN
Notary ID #133167516
My Commission Expires
June 21, 2025

_Liza Bazargan_

Name of Notary

My appointment expires _June 21, 2025_

Adkisson Settlement Agreement

11

**Matthew Adkisson**

Signature: *Matthew Adkisson*

By: _____ Matthew William Adkisson _____

STATE OF _____ Florida _____

COUNTY OF Hillsborough County

I certify that I know or have satisfactory evidence that _____ Matthew William Adkisson _____,

is the person who appeared before me and said person acknowledged that (he/she) signed this instrument and acknowledged it to be (his/her) free and voluntary act for the uses and purposes mentioned in the instrument.
Matthew William Adkisson produced a Driver's License as identification.

Dated this ___1___ day of ___June___, 2023

JUSTIN DAVID BARNARD
Notary Public - State of Florida
Commission # HH 378282
Expires on March 23, 2027

*Justin David Barnard*
Signature of Notary

Notarized online using audio-video communication _____ Justin David Barnard _____

Name of Notary

My appointment expires _____ 03/23/2027 _____

# EXHIBIT 2

THE HONORABLE LAUREN KING

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MATTHEW ADKISSON, an individual,<br><br>                           Plaintiff,<br><br>        v.<br><br>EPIK HOLDINGS, INC., a Washington Corporation; EPIK INC., a Washington Corporation; MASTERBUCKS LLC, a Wyoming company; ROBERT W. MONSTER, an individual; and BRIAN ROYCE, an individual,<br><br>                           Defendant. | No. 2:23-cv-00495-LK<br><br>CONFESSION OF JUDGMENT BY ROBERT W. MONSTER |

## **VERIFIED CONFESSION OF JUDGMENT**

Defendant Robert W. Monster confesses judgment in favor of Plaintiff Matthew

Adkisson and authorizes the Court to enter judgment against Monster and in favor of Adkisson

and grant monetary relief on the following terms

| | |
|---|---|
| Judgment Creditor: | Matthew Adkisson |
| Judgment Debtor: | Robert W. Monster |
| Principal Judgment Amount: | $100,000.00 less amounts paid by Monster pursuant to the parties' Settlement Agreement and Consent to Entry of Judgment ("Settlement Agreement") |

CONFESSION OF JUDGMENT BY DEFENDANT
MONSTER AND ORDER DIRECTING ENTRY OF
JUDGMENT (NO. 2:23-CV-00495-LK) – 1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

| Trebled Damages: | Trebled damages amounting to trebled Principal Judgment Amount |
| Interest: | Interest on Principal Judgment Amount at a rate of 8% per annum accruing from June 1, 2023 |
| Attorneys' Fees: | Full attorneys' fees in connection with case No. 2:23-cv-00495-LK and enforcement of this Confession of Judgment. |
| Costs: | All costs in connection with case No. 2:23-cv-00495-LK and enforcement of this Confession of Judgment. |
| **TOTAL JUDGMENT AMOUNT:** | $300,000 plus Interest, Attorneys' Fees and Costs |
| This Judgment shall bear interest from the date of entry at the rate of twelve percent (12%) per annum, or the highest rate allowed by law, until satisfied. ||

This Confession of Judgment is for a sum that is justly due or that shall become due, as shown by the following facts:

1. In May 2022, plaintiff Matthew Adkisson wired $327,000.00 to be held in escrow (the "Escrow Funds") by defendant Robert Monster, the founder and majority owner of Epik Holdings, Epik Inc., and Masterbucks LLC (collectively, "Epik"), for the purchase of a domain name.  Adkisson requested the return of his Escrow Funds on December 2, 2022.  The Escrow Funds were not used for the purchase of the domain name, and $307,000 of the Escrow Funds were not returned to Adkisson.

2. Adkisson filed suit on March 31, 2023 in the United Stated District Court for Western District of Washington in Seattle, No. 2:23-cv-00495-LK regarding the misappropriation of the Escrow Funds asserting claims for breach of contract, fraudulent misrepresentation, breach of fiduciary duty, violations of Washington's Consumer Protection Act (RCW 19.86.020, *et. seq*), violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962(a), (c) and (d); unjust enrichment, and conversion.  Adkisson sought trebled damages (per 18 U.S.C. § 1964), pre- and post-judgment interest, attorneys' fees, and costs.

CONFESSION OF JUDGMENT BY DEFENDANT
MONSTER AND ORDER DIRECTING ENTRY OF
JUDGMENT (NO. 2:23-CV-00495-LK) – 2

3. On June 1, 2023, Adkisson and Monster entered into a Settlement Agreement and Consent to Entry of Judgment to resolve their dispute which required that Monster pay Adkisson the total amount of $100,000.00 by May 31, 2024, with 8% interest accruing from June 1, 2023.

4. In the event of a default under the Settlement Agreement by Monster, and pursuant to the terms of the Settlement Agreement, Monster authorizes the Court to enter Judgment against him and in favor of Adkisson for the sum of $100,000.00, trebled, subject to offset for any amounts paid by Monster to Adkisson under the Settlement Agreement, for accrued interest from June 1, 2023, and for attorneys' fees and costs.  The judgment amount shall itself bear interest from the date of the entry at the rate of twelve percent (12%) per annum, or the highest rate allowed by law, until satisfied.

5. Monster admits and acknowledges that the debt to Adkisson arises out of his failure to make the payments to Adkisson as required by the Settlement Agreement, and that the debt is justly and presently due. In entering this Confession of Judgment, Monster stipulates that the foregoing may be treated as a finding of fact by the Court upon entering this Confession of Judgment.

6. Monster agrees that this Confession of Judgment is consent to final judgment, that jurisdiction is not contested, that venue is proper, and that there are no defenses to entry of this Judgment, and that there shall be no just reason for delay of entry.

7. Monster also agrees that entry of this Confession of Judgment does not require personal service and requires only five (5) days' written notice (which may be by e-mail) to Monster or his counsel. Monster further agrees that the Confession of Judgment may be entered without the necessity of hearing or prejudgment presentment, as authorized by RCW 4.60 *et seq*.

CONFESSION OF JUDGMENT BY DEFENDANT
MONSTER AND ORDER DIRECTING ENTRY OF
JUDGMENT (NO. 2:23-CV-00495-LK) – 3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

8. This Confession of Judgment arises out of a settlement and compromise of Plaintiff's claims in matter No. 2:23-cv-00495-LK. As a material inducement for plaintiff to settle and compromise those claims, Monster agreed to enter into this Confession of Judgment, which Plaintiff can file with the Court in the event Monster fails to perform under the terms of the Settlement Agreement.

I state under oath that the facts set forth above are true to the best of my knowledge and belief.

DATED this ___1st___ day of ___June___, 20_23_.

*Robert Willem Monster*
_____
ROBERT MONSTER

STATE OF ~~WASHINGTON~~ Virginia *ccu* )
COUNTY OF ~~KING~~ Prince William *ccu* ) ss.

On this ___1st___ day of June 2023, personally appeared before me Robert Monster personally known to me or proved to me on the basis of satisfactory evidence to be the person whose name is signed above.  Robert Monster signed this document in my presence and acknowledged to me that he *is a defendant in the above-captioned action, and* signed this document voluntarily for its stated purpose.

SUBSCRIBED AND SWORN to before me this ___1st___ day of June, 2023, by ___Robert Willem Monster___.

CONFESSION OF JUDGMENT BY DEFENDANT
MONSTER AND ORDER DIRECTING ENTRY OF
JUDGMENT (NO. 2:23-CV-00495-LK) – 4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000



Emon Christian Moore

REGISTRATION NUMBER
8033469

COMMISSION EXPIRES
September 30, 2026

Notarized online using audio-video communication

_____
(Signature of Notary)

Emon Christian Moore

_____
(Print or stamp name of Notary)

NOTARY PUBLIC in and for the State
of ~~Washington~~ Virginia
My Commission Expires: 09/30/2026 _____

## ASSENT BY PLAINTIFF

Plaintiff Matt Adkisson assents to the entry of the above Confession of Judgment

authorized by defendant Robert Monster

DATED this ___1st___ day of ___June___, 20__23__.

*Matthew Adkisson*

MATT ADKISSON

Emon Christian Moore

REGISTRATION NUMBER
8033469

COMMISSION EXPIRES
September 30, 2026

My commission expires: 09/30/2026
Notarized online using audio-video communication

Commonwealth of Virginia
County of Prince William

The foregoing instrument was subscribed and sworn

before me on 06/01/2023 by Matthew Adkisson.

Notary Public

CONFESSION OF JUDGMENT BY DEFENDANT
MONSTER AND ORDER DIRECTING ENTRY OF
JUDGMENT (NO. 2:23-CV-00495-LK) – 5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48
49
50
51

## **ORDER**

The above Confession of Judgment having been presented to this Court for entry

pursuant to motion and in accord with the procedures set forth in RCW 4.60.070, and the Court

having found said Confession of Judgment to be sufficient and prepared in accord with the

procedures required by Washington law, now, therefore, it is hereby

ORDERED that the Clerk of this Court shall forthwith enter Judgment against defendant

_____ in accord with the terms of the Confession of Judgment, in the form attached

hereto as Exhibit A.

DATED this \_\_\_\_\_ day of _____, 20\_\_.

_____

United States District Judge

Presented by:

s/ *David A. Perez* WSBA #43959
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Telephone:  206-359-8000
Fax:  206-359-9000
E-mail:  DPerez@perkinscoie.com

Attorneys for Plaintiff Matt Adkisson

CONFESSION OF JUDGMENT BY DEFENDANT
MONSTER AND ORDER DIRECTING ENTRY OF
JUDGMENT (NO. 2:23-CV-00495-LK) – 6

# EXHIBIT 3

| | |
|---|---|
| **From:** | Marcelo, Christian W. (SEA) |
| **To:** | rob@monsterventurepartners.com |
| **Cc:** | Perez, David A. (SEA); Hand, Rachel (SEA) |
| **Subject:** | RE: Adkisson v. Monster, et al. – Outstanding Payment Under Settlement Agreement |
| **Date:** | Wednesday, May 29, 2024 12:57:00 PM |
| **Attachments:** | 2023-06-01 Fully Executed Confession of Judgment.pdf |

Mr. Monster,

Per paragraph 7 of the Confession of Judgment (reattached here), this email serves as notice that Mr. Adkisson intends to file the Confession of Judgment on or after June 3, 2024 if full payment under the settlement agreement is not made by May 31, 2024.

Best regards,

Christian

**Christian Marcelo** | **Perkins Coie LLP**
D. +1.206.359.3315

---

**From:** Perez, David A. (SEA) <DPerez@perkinscoie.com>
**Sent:** Sunday, May 26, 2024 11:40 AM
**To:** Hand, Rachel (SEA) <RHand@perkinscoie.com>; rob@monsterventurepartners.com
**Cc:** Marcelo, Christian W. (SEA) <CMarcelo@perkinscoie.com>
**Subject:** RE: Adkisson v. Monster, et al. – Outstanding Payment Under Settlement Agreement

Mr. Monster,

The deadline is coming up in about a week. This e-mail thread, to which you have failed to respond, is proof enough that we have tried to work with you. We will get the Confession of Judgment on file, and prepare to collect on your assets, including your home.

We urge you to work with us to resolve this matter. As you know, the $100,000 you owe Mr. Adkisson immediately becomes *$300,000* should you fail to pay by May 31.

David

**David A. Perez | Perkins Coie LLP**
**Partner**
**Firmwide Chair of Business Litigation**
**Co-Chair Real Estate Litigation**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
p: 206.359.6767
c: 206.618.4293
e: DPerez@perkinscoie.com

http://www.perkinscoie.com/dperez/

---

**From:** Perez, David A. (SEA)
**Sent:** Wednesday, May 15, 2024 9:09 AM
**To:** Hand, Rachel (SEA) <RHand@perkinscoie.com>; rob@monsterventurepartners.com
**Cc:** Marcelo, Christian W. (SEA) <CMarcelo@perkinscoie.com>
**Subject:** RE: Adkisson v. Monster, et al. – Outstanding Payment Under Settlement Agreement

Mr. Monster,

Checking in on this, as we will not hesitate to file the Confession of Judgment, and proceed with collection against you and your household.

David

### David A. Perez | Perkins Coie LLP
**Partner**
**Firmwide Chair of Business Litigation**
**Co-Chair Real Estate Litigation**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
p: 206.359.6767
c: 206.618.4293
e: DPerez@perkinscoie.com
http://www.perkinscoie.com/dperez/

---

**From:** Hand, Rachel (SEA) <RHand@perkinscoie.com>
**Sent:** Monday, May 06, 2024 11:18 AM
**To:** rob@monsterventurepartners.com
**Cc:** Perez, David A. (SEA) <DPerez@perkinscoie.com>; Marcelo, Christian W. (SEA) <CMarcelo@perkinscoie.com>
**Subject:** Adkisson v. Monster, et al. – Outstanding Payment Under Settlement Agreement

Hi Mr. Monster,

Please see the attached correspondence from David Perez.

Thank you,

**Rachel Hand** | **Perkins Coie LLP**
LEGAL PRACTICE ASSISTANT
1201 Third Avenue
Seattle, Washington 98101-3099
D. 206.359.8002

E. RHand@perkinscoie.com





1201 Third Avenue
Suite 4900
Seattle, WA 98101-3099

+1.206.359.8000
+1.206.359.9000
PerkinsCoie.com

May 6, 2024

David A. Perez
DPerez@perkinscoie.com
D.  +1.206.359.6767
F.  +1.206.359.7767

**VIA MAIL AND EMAIL**

Rob Monster
3832 234th Ave. SE
Sammamish, WA 98075
rob@monsterventurepartners.com

**Re:  Adkisson v. Monster, et al. – Outstanding Payment Under Settlement Agreement**

Mr. Monster:

As you know, Perkins Coie is counsel for Matthew Adkisson. We write regarding your
outstanding payment obligation to Mr. Adkisson under the Settlement Agreement and Consent to
Entry of Judgment that you, Mr. Adkisson and others executed on June 1, 2023 (the "Settlement
Agreement"). A copy of the Settlement Agreement is enclosed with this letter.

Under the Settlement Agreement, you agreed to pay Mr. Adkisson $100,000 by May 31, 2024,
with interest accruing at 8% per annum. Mr. Adkisson has not received any payment from you.
Please confirm when he should expect to receive your payment.

As a reminder, if you fail to make payment timely and in full by May 31, 2024, Mr. Adkisson is
authorized to immediately file the Confession of Judgment you executed, a copy of which is also
enclosed. Per the Confession of Judgment, Mr. Adkisson will be entitled to treble damages, and
judgment in the amount of $300,000 plus interest and Mr. Adkisson's attorneys' fees and costs
will be entered against you.

Please contact me directly or have your legal counsel do so if you wish to discuss this matter
further.

Sincerely,

David A. Perez

Cc: Matthew Adkisson
    Christian W. Marcelo

Perkins Coie LLP

# EXHIBIT 4

| Client Name | Matter Name | Tkpr Name | Date | Billed Hrs | Billed Amt | Narrative |
|---|---|---|---|---|---|---|
| Adkisson, Matt | Epik/Monster Lawsuit | Perez, David A. | 1/31/2023 | 1.5 | 1320 | Various e-mails with opposing parties (.4); call with M. Adkisson regarding strategy (.4); e-mails and call with C. Marcelo regarding facts and draft complaint (.7); |
| Adkisson, Matt | Epik/Monster Lawsuit | Marcelo, Christian W. | 2/1/2023 | 0.2 | 157 | Review background materials and confer with D. Perez regarding same; |
| Adkisson, Matt | Epik/Monster Lawsuit | Perez, David A. | 2/1/2023 | 1.3 | 1144 | Confer with C. Marcelo regarding complaint and next steps (.7); confer with client regarding same (.6); |
| Adkisson, Matt | Epik/Monster Lawsuit | Marcelo, Christian W. | 2/2/2023 | 1.3 | 1020.5 | Review background materials and confer with D. Perez regarding same; draft complaint; |
| Adkisson, Matt | Epik/Monster Lawsuit | Marcelo, Christian W. | 2/3/2023 | 0.4 | 314 | Draft complaint; |
| Adkisson, Matt | Epik/Monster Lawsuit | Marcelo, Christian W. | 2/6/2023 | 2 | 1570 | Continue drafting complaint; |
| Adkisson, Matt | Epik/Monster Lawsuit | Marcelo, Christian W. | 2/7/2023 | 4.4 | 3454 | Continue drafting complaint; review case law regarding potential claims; |
| Adkisson, Matt | Epik/Monster Lawsuit | Marcelo, Christian W. | 2/8/2023 | 1.1 | 863.5 | Draft complaint and emails with D. Perez regarding same; confer with D. Perez regarding complaint; |
| Adkisson, Matt | Epik/Monster Lawsuit | Perez, David A. | 2/8/2023 | 1.1 | 968 | Revise draft complaint and e-mails with C. Marcelo regarding framing; |
| Adkisson, Matt | Epik/Monster Lawsuit | Marcelo, Christian W. | 2/9/2023 | 1.1 | 863.5 | Draft complaint and emails with D. Perez regarding same; confer with D. Perez regarding complaint; |
| Adkisson, Matt | Epik/Monster Lawsuit | Perez, David A. | 2/9/2023 | 0.7 | 616 | Confer with C. Marcelo and client regarding response to Monster and Epik; |
| Adkisson, Matt | Epik/Monster Lawsuit | Marcelo, Christian W. | 2/10/2023 | 3.8 | 2983 | Review case law regarding RICO claims; review background documents regarding Epik, litigation, and consumer complaints; continue drafting complaint; |
| Adkisson, Matt | Epik/Monster Lawsuit | Perez, David A. | 2/11/2023 | 0.7 | 616 | Revise draft complaint; |
| Adkisson, Matt | Epik/Monster Lawsuit | Marcelo, Christian W. | 2/13/2023 | 0.9 | 706.5 | Continue drafting complaint and emails regarding same; |
| Adkisson, Matt | Epik/Monster Lawsuit | Perez, David A. | 2/13/2023 | 0.4 | 352 | Confer with C. Marcelo regarding complaint and next steps; |
| Adkisson, Matt | Epik/Monster Lawsuit | Perez, David A. | 3/2/2023 | 0.4 | 352 | Confer with client and C. Marcelo regarding timing for complaint; |
| Adkisson, Matt | Epik/Monster Lawsuit | Marcelo, Christian W. | 3/6/2023 | 1.7 | 1334.5 | Telephone conference with M. Adkisson and D. Perez regarding complaint and strategy; emails with Perkins team regarding lien process; revise complaint; confer with N. Fahrer and B. Starkey regarding process for placing lien and emails regarding same; |
| Adkisson, Matt | Epik/Monster Lawsuit | Perez, David A. | 3/6/2023 | 1.1 | 968 | Confer with C. Marcelo and M. Adkisson regarding lawsuit and next steps (.5); e-mails with Perkins team regarding lien (.6); |

| | | | | | | |
|---|---|---|---|---|---|---|
| Adkisson, Matt | Epik/Monster Lawsuit | Marcelo, Christian W. | 3/7/2023 | 2.3 | 1805.5 | Prepare Deed of Trust and Promissory Note and confer with Perkins team regarding same; |
| Adkisson, Matt | Epik/Monster Lawsuit | Marcelo, Christian W. | 3/8/2023 | 1.5 | 1177.5 | Prepare Deed of Trust and Promissory Note and send to M. Adkisson; |
| Adkisson, Matt | Epik/Monster Lawsuit | Marcelo, Christian W. | 3/13/2023 | 0.5 | 392.5 | Revise complaint, capture supporting evidence, and emails regarding same; |
| Adkisson, Matt | Epik/Monster Lawsuit | Perez, David A. | 3/28/2023 | 0.6 | 528 | Review draft complaint; |
| Adkisson, Matt | Epik/Monster Lawsuit | Marcelo, Christian W. | 3/30/2023 | 0.5 | 392.5 | Review and revise complaint, deed of trust, and promissory note; |
| Adkisson, Matt | Epik/Monster Lawsuit | Marcelo, Christian W. | 3/31/2023 | 1.6 | 1256 | Review and revise complaint, deed of trust, and promissory note; prepare complaint and supporting documents to file; |
| Adkisson, Matt | Epik/Monster Lawsuit | Perez, David A. | 3/31/2023 | 1.1 | 968 | Review and finalize complaint; various e-mails to defendants; |
| Adkisson, Matt | Epik/Monster Lawsuit | Marcelo, Christian W. | 4/3/2023 | 2 | 1570 | Emails with D. Perez and B. Royce regarding service of complaint and case strategy; coordinate service of complaint; draft acceptance of service and review court requirements regarding same; review background documents regarding Epik, Monster and Royce; |
| Adkisson, Matt | Epik/Monster Lawsuit | Perez, David A. | 4/3/2023 | 0.8 | 704 | Confer with C. Marcelo regarding complaint, service issues, and third party witnesses; |
| Adkisson, Matt | Epik/Monster Lawsuit | Marcelo, Christian W. | 4/4/2023 | 0.3 | 235.5 | Prepare acceptance of service and emails regarding same; |
| Adkisson, Matt | Epik/Monster Lawsuit | Marcelo, Christian W. | 4/5/2023 | 0.4 | 314 | Emails with D. Perez regarding case strategy; capture evidence regarding fraud; |
| Adkisson, Matt | Epik/Monster Lawsuit | Perez, David A. | 4/5/2023 | 0.7 | 616 | Confer with C. Marcelo and M. Adkisson regarding service issues, fact development, and witness interviews; |
| Adkisson, Matt | Epik/Monster Lawsuit | Marcelo, Christian W. | 4/6/2023 | 0.2 | 157 | Capture evidence regarding fraud; |
| Adkisson, Matt | Epik/Monster Lawsuit | Marcelo, Christian W. | 4/7/2023 | 1.5 | 1177.5 | Telephone call with potential witness regarding background information on Epik and fraud and email with D. Perez regarding same; |
| Adkisson, Matt | Epik/Monster Lawsuit | Marcelo, Christian W. | 4/10/2023 | 1.1 | 863.5 | Emails regarding witness interviews; draft email to Defendants regarding fraudulent transfer of funds; review background fraud documents; |
| Adkisson, Matt | Epik/Monster Lawsuit | Perez, David A. | 4/11/2023 | 0.6 | 528 | Confer with C. Marcelo regarding fact development and outreach to Monster and Epik; |
| Adkisson, Matt | Epik/Monster Lawsuit | Marcelo, Christian W. | 4/17/2023 | 0.8 | 628 | Prepare for settlement conference, attend same, and attention to emails regarding same; |

| Adkisson, Matt | Epik/Monster Lawsuit | Marcelo, Christian W. | 4/18/2023 | 0.8 | 628 | Develop strategy for preliminary injunction and temporary restraining order; |
|---|---|---|---|---|---|---|
| Adkisson, Matt | Epik/Monster Lawsuit | Perez, David A. | 4/18/2023 | 0.6 | 528 | Confer with C. Marcelo regarding various witnesses and key facts for amended complaint; |
| Adkisson, Matt | Epik/Monster Lawsuit | Marcelo, Christian W. | 4/21/2023 | 0.4 | 314 | Confer with A. Escobar and D. Perez regarding settlement; emails with D. Perez regarding case strategy; |
| Adkisson, Matt | Epik/Monster Lawsuit | Perez, David A. | 4/21/2023 | 1 | 880 | Call with opposing counsel and then debrief with C. Marcelo regarding same (.5); call with M. Adkisson to debrief (.2); outline key tasks post-answer (.3); |
| Adkisson, Matt | Epik/Monster Lawsuit | Marcelo, Christian W. | 4/24/2023 | 0.5 | 392.5 | Review Answer and Motion to Dismiss and emails with D. Perez regarding strategy for responding to same; |
| Adkisson, Matt | Epik/Monster Lawsuit | Perez, David A. | 4/24/2023 | 0.8 | 704 | Review answer and MTD, and map out response including amended complaint; |
| Adkisson, Matt | Epik/Monster Lawsuit | Marcelo, Christian W. | 4/25/2023 | 0.8 | 628 | Interview with potential fact witness; |
| Adkisson, Matt | Epik/Monster Lawsuit | Marcelo, Christian W. | 4/26/2023 | 1.1 | 863.5 | Emails with D. Perez regarding case strategy and witness interviews; |
| Adkisson, Matt | Epik/Monster Lawsuit | Marcelo, Christian W. | 4/27/2023 | 0.4 | 314 | Confer with D. Perez regarding case strategy and amended complaint; |
| Adkisson, Matt | Epik/Monster Lawsuit | Perez, David A. | 4/27/2023 | 0.7 | 616 | Confer with client and C. Marcelo regarding motion to dismiss, fact interviews, and amended complaint; |
| Adkisson, Matt | Epik/Monster Lawsuit | Marcelo, Christian W. | 5/1/2023 | 1.7 | 1334.5 | Telephone conference with R. Monster and D. Perez regarding Epik and prepare summary regarding same; |
| Adkisson, Matt | Epik/Monster Lawsuit | Marcelo, Christian W. | 5/2/2023 | 1.1 | 863.5 | Review procedure for responding to motion to dismiss and amending complaint; draft amended complaint; |
| Adkisson, Matt | Epik/Monster Lawsuit | Perez, David A. | 5/2/2023 | 0.6 | 528 | Confer with C. Marcelo and client regarding amended complaint and response to MTD; |
| Adkisson, Matt | Epik/Monster Lawsuit | Marcelo, Christian W. | 5/3/2023 | 0.4 | 314 | Review procedure for responding to motion to dismiss and amending complaint; draft amended complaint; review case law regarding RICO claims; |
| Adkisson, Matt | Epik/Monster Lawsuit | Marcelo, Christian W. | 5/4/2023 | 0.3 | 235.5 | Emails with D. Perez and M. Adkisson regarding settlement strategy; |
| Adkisson, Matt | Epik/Monster Lawsuit | Perez, David A. | 5/4/2023 | 1.4 | 1232 | Various e-mails with team and client regarding Epik's asset sale, and potential grounds for TRO (.8); outline key early discovery (.6); |
| Adkisson, Matt | Epik/Monster Lawsuit | Marcelo, Christian W. | 5/5/2023 | 0.4 | 314 | Confer with M. Adkisson regarding strategy for settlement and injunctive relief; |
| Adkisson, Matt | Epik/Monster Lawsuit | Perez, David A. | 5/6/2023 | 0.9 | 792 | Confer with M. Adkisson regarding strategy, and e-mails with opposing counsel regarding Rule 26 conference; |

| | | | | | | |
|---|---|---|---|---|---|---|
| Adkisson, Matt | Epik/Monster Lawsuit | Marcelo, Christian W. | 5/7/2023 | 4.9 | 3846.5 | Review cases regarding RICO claims and injunctive relief; draft first amended complaint; |
| Adkisson, Matt | Epik/Monster Lawsuit | Perez, David A. | 5/8/2023 | 0.8 | 704 | Revise FAC and confer with C. Marcelo and client regarding same; |
| Adkisson, Matt | Epik/Monster Lawsuit | Marcelo, Christian W. | 5/9/2023 | 3.4 | 2669 | Revise First Amended Complaint; draft Response to Motion to Dismiss; |
| Adkisson, Matt | Epik/Monster Lawsuit | Perez, David A. | 5/9/2023 | 0.8 | 704 | Revise first amended complaint and confer with C. Marcelo regarding opposition to MTD; |
| Adkisson, Matt | Epik/Monster Lawsuit | Marcelo, Christian W. | 5/10/2023 | 2 | 1570 | Continue drafting Opposition to Motion to Dismiss; |
| Adkisson, Matt | Epik/Monster Lawsuit | Perez, David A. | 5/10/2023 | 0.8 | 704 | Revise FAC and opposition to MTD, and confer with C. Marcelo and client regarding same; |
| Adkisson, Matt | Epik/Monster Lawsuit | Marcelo, Christian W. | 5/11/2023 | 3.2 | 2512 | Prepare for 26(f) conference; emails with third parties regarding background investigation; draft discovery requests; |
| Adkisson, Matt | Epik/Monster Lawsuit | Perez, David A. | 5/11/2023 | 0.7 | 616 | Revise MTD and FAC and e-mails with C. Marcelo and client; |
| Adkisson, Matt | Epik/Monster Lawsuit | Marcelo, Christian W. | 5/12/2023 | 6 | 4710 | Prepare for 26(f) conference; emails with third parties regarding background investigation; draft discovery requests; revise response to motion to dismiss; |
| Adkisson, Matt | Epik/Monster Lawsuit | Perez, David A. | 5/12/2023 | 1.4 | 1232 | Revise motion to dismiss (.6); call with C. Marcelo to discuss strategy and discovery issues (.4); review secured lender documents sent by opposing counsel (.4); |
| Adkisson, Matt | Epik/Monster Lawsuit | Marcelo, Christian W. | 5/14/2023 | 2.4 | 1884 | Revise response to motion to dismiss; |
| Adkisson, Matt | Epik/Monster Lawsuit | Marcelo, Christian W. | 5/15/2023 | 3.8 | 2983 | Revise response to motion to dismiss and amended complaint and coordinate filing same; draft letters to TVT and JJE; draft discovery requests; |
| Adkisson, Matt | Epik/Monster Lawsuit | Perez, David A. | 5/15/2023 | 1.1 | 968 | Review and finalize FAC and response to MTD (.8); call with M. Adkisson regarding strategy and next steps (.3); |
| Adkisson, Matt | Epik/Monster Lawsuit | Marcelo, Christian W. | 5/16/2023 | 2.3 | 1805.5 | Revise response to motion to dismiss and amended complaint and coordinate filing same; draft letters to TVT and JJE; draft discovery requests; |
| Adkisson, Matt | Epik/Monster Lawsuit | Perez, David A. | 5/16/2023 | 0.6 | 528 | Confer with C. Marcelo and R. Hand re witness interviews; |
| Adkisson, Matt | Epik/Monster Lawsuit | Marcelo, Christian W. | 5/17/2023 | 3.2 | 2512 | Revise response to motion to dismiss and amended complaint and coordinate filing same; draft letters to TVT and JJE; draft discovery requests; |
| Adkisson, Matt | Epik/Monster Lawsuit | Perez, David A. | 5/17/2023 | 0.7 | 616 | Revise draft discovery requests; |
| Adkisson, Matt | Epik/Monster Lawsuit | Marcelo, Christian W. | 5/18/2023 | 5.5 | 4317.5 | Continue drafting discovery requests to Royce, Monster and Epik entities; draft initial disclosures; |

| Adkisson, Matt | Epik/Monster Lawsuit | Perez, David A. | 5/18/2023 | 0.8 | 704 | Call with potential new plaintiff and e-mails with team regarding same; revise discovery requests to plaintiffs; |
|---|---|---|---|---|---|---|
| Adkisson, Matt | Epik/Monster Lawsuit | Marcelo, Christian W. | 5/19/2023 | 0.9 | 706.5 | Revise and coordinate service of discovery requests and initial disclosures; |
| Adkisson, Matt | Epik/Monster Lawsuit | Perez, David A. | 5/19/2023 | 0.8 | 704 | Various calls with team and client regarding discovery (.3); revise discovery and confer with C. Marcelo regarding requests (.5); |
| Adkisson, Matt | Epik/Monster Lawsuit | Perez, David A. | 5/21/2023 | 0.6 | 528 | Confer with team re strategy and next steps; revise discovery requests; |
| Adkisson, Matt | Epik/Monster Lawsuit | Marcelo, Christian W. | 5/22/2023 | 2.2 | 1727 | Witness interview with N. Bostick; prepare weekly update and task list; research regarding temporary restraining order and emails with Perkins team regarding strategy for same; confer with D. Perez regarding strategy for TRO and prepare task list for same; confer with H. Hyatt regarding strategy for TRO; |
| Adkisson, Matt | Epik/Monster Lawsuit | Perez, David A. | 5/22/2023 | 0.6 | 528 | Review discovery requests and confer with C. Marcelo re strategy; |
| Adkisson, Matt | Epik/Monster Lawsuit | Marcelo, Christian W. | 5/23/2023 | 0.2 | 157 | Develop strategy for TRO and task list for same; |
| Adkisson, Matt | Epik/Monster Lawsuit | Perez, David A. | 5/23/2023 | 0.8 | 704 | Revise RFAs to defendants; |
| Adkisson, Matt | Epik/Monster Lawsuit | Marcelo, Christian W. | 5/24/2023 | 3 | 2355 | Develop strategy for TRO and task list for same; revise requests for admission; |
| Adkisson, Matt | Epik/Monster Lawsuit | Perez, David A. | 5/24/2023 | 0.7 | 616 | Confer with client and team on TRO, strategy, and declarations; |
| Adkisson, Matt | Epik/Monster Lawsuit | Marcelo, Christian W. | 5/25/2023 | 4.2 | 3297 | Confer with D. Perez and H. Hyatt regarding strategy for temporary restraining order; revise temporary restraining order; revise requests for admission; witness interviews with third parties regarding declarations; |
| Adkisson, Matt | Epik/Monster Lawsuit | Perez, David A. | 5/25/2023 | 0.7 | 616 | Confer with team re scope of TRO, strategy, and framing; |
| Adkisson, Matt | Epik/Monster Lawsuit | Marcelo, Christian W. | 5/26/2023 | 1.2 | 942 | Video conference with D. Peterson regarding declaration and draft same; prepare and serve discovery requests; |
| Adkisson, Matt | Epik/Monster Lawsuit | Marcelo, Christian W. | 5/26/2023 | 4.4 | 3454 | Prepare third party declarations and emails regarding same; revise requests for admission; draft motion for TRO; conference call regarding potential settlement and asset purchase; |
| Adkisson, Matt | Epik/Monster Lawsuit | Perez, David A. | 5/26/2023 | 0.9 | 792 | Confer with team re opposing counsel's e-mails, and client re TRO; call with Registered Agent to discuss transaction; |
| Adkisson, Matt | Epik/Monster Lawsuit | Marcelo, Christian W. | 5/29/2023 | 1.7 | 1334.5 | Prepare declarations of S. Greenspan and M. Casals; video conference with S. Greenspan regarding declaration; |
| Adkisson, Matt | Epik/Monster Lawsuit | Perez, David A. | 5/29/2023 | 0.8 | 704 | Revise TRO; |

| | | | | | | |
|---|---|---|---|---|---|---|
| Adkisson, Matt | Epik/Monster Lawsuit | Marcelo, Christian W. | 5/30/2023 | 10.5 | 8242.5 | Video conference with M. Casals regarding third party declaration; telephone conferences with M. Adkisson, D. Perez and R. Monster; draft motion for TRO and supporting documents; |
| Adkisson, Matt | Epik/Monster Lawsuit | Perez, David A. | 5/30/2023 | 3.3 | 2904 | Revise TRO (1.7); confer with R. Monster regarding asset purchase agreement and status (1.1); calls with client and team regarding strategy, timing, and APA issues (.5); |
| Adkisson, Matt | Epik/Monster Lawsuit | Marcelo, Christian W. | 5/31/2023 | 11.6 | 9106 | Draft motion for TRO and supporting documents and coordinate filing of same; |
| Adkisson, Matt | Epik/Monster Lawsuit | Perez, David A. | 5/31/2023 | 3 | 2640 | Revise TRO (1.6); confer with C. Marcelo and H. Hyatt regarding strategy and next steps (.6); confer with M. Adkisson regarding filings (.8); |
| Adkisson, Matt | Epik/Monster Lawsuit | Marcelo, Christian W. | 6/1/2023 | 4.5 | 3532.5 | Emails regarding third party declarations; review Court Orders and emails regarding same; draft confession of judgment and revise settlement agreement; coordinate execution of settlement agreement and related documents; |
| Adkisson, Matt | Epik/Monster Lawsuit | Perez, David A. | 6/1/2023 | 2.5 | 2200 | Various e-mails, calls, and texts to finalize settlement; |
| Adkisson, Matt | Epik/Monster Lawsuit | Marcelo, Christian W. | 6/2/2023 | 0.4 | 314 | Draft notice to withdraw motion for temporary restraining order; draft stipulated dismissal and coordinate filing of same; |
| Adkisson, Matt | Epik/Monster Lawsuit | Perez, David A. | 6/2/2023 | 0.6 | 528 | Confer with team, opposing, and client regarding finalizing settlement, and payment logistics; |
| Adkisson, Matt | Epik/Monster Lawsuit | Marcelo, Christian W. | 4/17/2024 | 0.5 | 445 | Draft letter to R. Monster and review settlement agreement confession of judgment; |
| Adkisson, Matt | Epik/Monster Lawsuit | Marcelo, Christian W. | 4/18/2024 | 0.4 | 356 | Continue drafting letter to R. Monster regarding settlement payment; |
| Adkisson, Matt | Epik/Monster Lawsuit | Marcelo, Christian W. | 4/23/2024 | 0.1 | 89 | Revise letter to R. Monster; |
| | | | | 160 | 129505 | |