UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MATTHEW ADKISSON,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>EPIK HOLDINGS, INC., et al.,<br><br>　　　　　　　　Defendants. | CASE NO. 2:23-CV-00495-LK<br><br>ORDER TO SHOW CAUSE |

This motion comes before the Court on Plaintiff Matthew Adkisson's Motion for Entry of Judgment by Confession. Dkt. No. 27. The motion seeks entry of judgment pursuant to a Confession of Judgment executed by Adkisson and Defendant Robert Monster. Monster did not respond to Adkisson's motion. For the following reasons, the Court orders Adkisson to show cause why his motion should not be denied.

## I. BACKGROUND

In May 2022, Adkisson wired $327,000 to be held in escrow by Monster for the purchase of a domain name that was listed for sale through Defendants Epik Holdings, Inc., Epik Inc., and Masterbucks LLC (collectively, "Epik"). Dkt. No. 12 at 12. On December 2, 2022, after Epik failed

ORDER TO SHOW CAUSE - 1

to complete the domain name transaction, Adkisson requested return of his escrow funds. *Id.* at 13. Defendants failed to return these funds. *Id.* at 13–17.

On March 31, 2023, Adkisson filed suit against Epik and Monster, asserting claims for breach of contract, fraudulent misrepresentation, breach of fiduciary duty, unjust enrichment, and conversion, as well as violations of Washington's Consumer Protection Act and the Racketeer Influenced and Corrupt Organizations Act ("RICO"). Dkt. No. 1 at 13–21. In addition to actual damages and recovery of unjust enrichment, Adkisson sought treble damages, punitive damages, pre- and post-judgment interest, attorney's fees, and costs. *Id.* at 21.

On June 1, 2023, Adkisson and Defendants entered into a Settlement Agreement and Consent to Entry of Judgment to resolve the dispute. Dkt. No. 28 at 1; Dkt. No. 29 at 1, 7; *see also* June 2, 2023 Docket Entry. The parties filed a Stipulation for Dismissal of Action, agreeing that the case "shall be dismissed with prejudice and without costs to any party." Dkt. No. 26. The Court dismissed the lawsuit on June 2, 2023 "with prejudice and without costs to any party." June 2, 2023 Docket Entry.

Pursuant to the Settlement Agreement, Monster agreed to pay Adkisson a total of $100,000 plus interest by May 31, 2024. Dkt. No. 28 at 2; Dkt. No. 29 at 7–8. Monster also agreed to execute a Confession of Judgment, wherein he "authorize[d] the Court to enter Judgment against him and in favor of Adkisson for the sum of $100,000.00, trebled, subject to offset for any amounts paid by Monster to Adkisson under the Settlement Agreement for accrued interest from June 1, 2023, and for attorneys' fees and costs," at a rate of 12 percent interest from the date of entry of judgment, were he to default on his Settlement Agreement obligations. Dkt. No. 29 at 8, 26–27. Monster also agreed that entry of the Confession of Judgment would not require personal service, a hearing, or prejudgment presentment, and instead "requires only five (5) days' written notice (which may be by e-mail) to Monster or his counsel[.]" *Id.* at 26.

ORDER TO SHOW CAUSE - 2

Monster did not, however, pay the settlement amount to Adkisson. On May 6, 2024, Adkisson sent a letter to Monster both via email and to his personal residence reminding him of his obligations under the Settlement Agreement. *Id.* at 2, 32, 34. Despite following up with Monster several times on May 15 and May 26, 2024 via email, Adkisson received neither a response nor payment from Monster. *Id.* at 2, 31–32. On May 29, 2024, Adkisson notified Monster that he would file the Confession of Judgment on or after June 3, 2024 if timely and full payment was not made by May 31, 2024. *Id.* at 2, 31. Monster again did not respond to Adkisson or make any payments to Adkisson by May 31, 2024. *Id.* at 2. On June 4, 2024, Adkisson filed the instant motion, seeking $300,000 in damages, $8,000 in interest, and $129,505 in attorney's fees. Dkt. No. 27 at 7.[1]

## II.  DISCUSSION

Judgment by confession is a legal device "by which the debtor consents in advance to the holder's obtaining a judgment without notice or hearing[.]" *D.H. Overmyer Co., Inc. of Ohio v. Frick Co.*, 405 U.S. 174, 176 (1972); *F.D.I.C. v. Aaronian*, 93 F.3d 636, 637–38 (9th Cir. 1996). The device "is a 'product' of state law and has no counterpart in the [f]ederal rules." *J.D. Holdings, LLC v. BD Ventures, LLC*, 766 F. Supp. 2d 109, 113 (D.D.C. 2011) (citing *FDIC v. Deglau*, 207 F.3d 153, 159 (3d Cir. 2000)); *Bowles v. J.J. Schmitt & Co.*, 170 F.2d 617, 620 (2d Cir. 1948) ("There is no express provision in federal procedure for the entry of judgment on a confession by the clerk of court."). However, federal courts do have the authority to enter judgment by confession in certain circumstances "so long as subject-matter jurisdiction exists and the confession of judgment was voluntarily, knowingly, and intelligently made." *LOL Fin. Co. v. Carrigan*, No. 0:16-CV-000651 (SRN/TNL), 2016 WL 4154339, at *2 (D. Minn. Aug. 5, 2016) (citing

---

[1] The Court re-noted Adkisson's motion for June 25, 2024 to provide Monster with an opportunity to respond. *See* June 5, 2024 docket entry. Monster did not file a response.

ORDER TO SHOW CAUSE - 3

*Overmyer*, 405 U.S. at 186); *Aaronian*, 93 F.3d at 640; *see also Orlando Residence, Ltd. v. Nelson*, 565 F. App'x 212, 222 (4th Cir. 2014); 28 U.S.C. § 1874.

Here, Adkisson seeks entry of judgment by confession in his original action against Defendants. *See* Dkt. No. 27 at 2–4; Dkt. No. 30 at 2–3. But the Court has already dismissed this action with prejudice, *see* June 2, 2023 Docket Entry, and it does not appear to have jurisdiction to reopen this case to enforce the settlement agreement. "Federal courts do not enjoy any inherent jurisdiction to enforce a settlement agreement 'simply because the subject of that settlement was a federal lawsuit.'" *Alapati v. City and Cnty. of San Francisco*, No. 21-cv-04144-SI, 2022 WL 4137581, at *1 (N.D. Cal. Aug. 17, 2022) (quoting *O'Connor v. Colvin*, 70 F.3d 530, 532 (9th Cir. 1995)). This is because "[e]nforcement of a settlement agreement, whether through award of damages or decree of specific performance, is more than just a continuation or renewal of the dismissed suit[.]" *Id.* (cleaned up) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994)). Accordingly, "[w]ithout a dismissal order incorporating the settlement terms, 'enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction.'" *Covves, LLC v. Target Brands, Inc.*, No. 21-55077, 2022 WL 193208, at *1 (9th Cir. Jan. 21, 2022) (quoting *Kokkenon*, 511 U.S. at 376, 381–82); *see also T. St. Dev., LLC v. Dereje and Dereje*, 586 F.3d 6, 10 (D.C. Cir. 2009) ("The rationale underlying *Kokkonen* is that unless the district court retains jurisdiction over the matter, a settlement agreement amounts to nothing more than a freestanding contract, 'part of the consideration for which was dismissal of an earlier federal suit.'" (quoting *Kokkonen*, 511 U.S. at 381)).

Here, the Court "did not issue an order that reserved jurisdiction over the case or incorporated the settlement terms," and it therefore appears that "it did not retain jurisdiction after the dismissal." *Covves*, 2022 WL 193208, at *1; *see generally* Dkt. No. 26; June 2, 2024 Docket Entry; *see also, e.g.*, *Lei v. Haryin Inc.*, 644 F. Supp. 3d 1, 6 (S.D.N.Y. 2022) (finding that the

Court lacked jurisdiction over plaintiffs' motion for entry of confession of judgment because it did "not expressly retain[] jurisdiction over the settlement agreement in its order of dismissal or incorporate[] the terms of the agreement into the order"); *DC Soccer, LLC v. CapX Off. Sols., LLC*, No. 19-3163 (BAH), 2021 WL 1061206, at *3–5 (D.D.C. Mar. 18, 2021) (same); *Ralph Lauren Corp. v. CSR Grp., Inc.*, No. 16-cv-3387 (RJS), 2017 WL 1861779, at *2–3 (S.D.N.Y. Apr. 27, 2017) (same).[2] Therefore, to enforce the Confession of Judgment in federal court, it appears that Adkisson must file a new complaint against Monster in a separate action. *See DC Soccer*, 2021 WL 1061206, at *5; *cf. Boosalis Options, LP v. Farnbacher Loles Motorsports, LLC*, No. C 09-80316 WHA, 2010 WL 335651, at *2 (N.D. Cal. Jan. 22, 2010) ("The proper procedure in this case would have been for plaintiff to file a complaint to enforce the settlement agreement."); *Genesis Fluid Sols., Ltd. v. Eagle N. Am., Inc.*, No. 10-MC-80231-JF, 2011 WL 1193571, at *1 (N.D. Cal. Mar. 29, 2011) ("Under the Federal Rules, a party seeking to enforce a judgment by confession must file a complaint under Fed. R. Civ. Pro. 3, and serve a summons under Fed. R. Civ. Pro. 4.").

Adkisson cites to two decisions by courts in this District that entered judgments by confession pursuant to Washington law: *Kyko Glob. Inc. v. Prithvi Info. Sols. Ltd.*, No. C13-1034 MJP, 2016 WL 4055584, at *2 (W.D. Wash. Jan. 12, 2016), *vacated on other grounds*, 2018 WL 4804587 (W.D. Wash. Apr. 23, 2018), and *Eastwest Gold Corp. v. Innovative Repairs, LLC*, No. 3:19-cv-05442-RJB-DWC, Dkt. No. 26 (W.D. Wash. May 20, 2020). Dkt. No. 27 at 4. But state law cannot confer federal jurisdiction. *KCOM, Inc. v. Emps. Mut. Cas. Co.*, 829 F.3d 1192, 1195 (10th Cir. 2016) ("[A] state legislature has no authority to prescribe federal court jurisdiction in

---

[2] While Monster agreed in the Confession of Judgment that "jurisdiction is not contested," Dkt. No. 29 at 26; *see also* Dkt. No. 27 at 3, "no action of the parties can confer subject-matter jurisdiction upon a federal court," *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982); *Hajro v. U.S. Citizenship and Immigr. Servs.*, 811 F.3d 1086, 1100 n.8 (9th Cir. 2016) ("Parties cannot by stipulation or waiver grant or deny federal subject matter jurisdiction." (cleaned up)).

ORDER TO SHOW CAUSE - 5

diversity matters or otherwise."). And these decisions do not acknowledge the venue requirement of Section 4.60.070 of the Revised Code of Washington, which provides that the Confession of Judgment "must be presented to the *superior court* or a judge thereof, and if the same be found sufficient, the court or judge shall indorse thereon an order that judgment be entered by the clerk[.]" Wash. Rev. Code § 4.60.070 (emphasis added). In other words, Washington law contemplates that only its state superior courts—and not federal district courts—can enter judgment by confession.

This Court therefore does not appear to have the authority to enter the judgment by confession in this closed case.

### III.  CONCLUSION

For the foregoing reasons, the Court ORDERS Adkisson to show cause why his Motion for Entry of Judgment by Confession, Dkt. No. 27, should not be denied.

Dated this 23rd day of July, 2024.

*Lauren King*

Lauren King
United States District Judge